**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30350 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00018-RRB-1 |
| v. | |
| MICHAEL A. MCLOONE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted November 5, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[**]

Michael McLoone appeals his sentence for being a felon in possession of

firearms and ammunition.  We have jurisdiction under 18 U.S.C. § 1291.  We

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

McLoone's federal conviction and sentence for being a felon in possession of firearms and ammunition, 18 U.S.C. §§ 922, 924, arise from his assaulting his girlfriend, including holding a gun to her head. The investigation into the assault charges revealed that McLoone possessed two firearms and bought ammunition on at least one occasion.

McLoone was convicted in Alaska state court of two counts of felony assault and four counts of misdemeanor assault. On the first count, assault in the third degree by means of a dangerous instrument (a 9 mm pistol), McLoone was sentenced to four years imprisonment with one year suspended, and five years probation. Combined with his sentences for the other five counts, his total state sentence was five years and 240 days jail, exclusive of suspended and concurrent time, and five years probation, exclusive of concurrent time. In federal court, McLoone was sentenced for being a felon in possession of firearms and ammunition to forty-six months, with twenty-two months to run concurrent to his state sentence for assault with a firearm, and twenty-four months to run consecutive to that sentence.

McLoone first argues that his federal sentence is procedurally erroneous because the district court failed to consider and apply Sentencing Guideline § 5G1.3(b). Under that guideline, if a sentence resulted from another offense that is

relevant conduct to and was the basis for an increase in the offense level for the instant offense, the sentence for the instant offense: 1) shall be adjusted for any period of imprisonment already served on the undischarged term of imprisonment for the other offense, if such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and 2) shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment for the other offense. U.S. Sentencing Guidelines Manual § 5G1.3(b)(1), (2).

The district court made an informed decision, in light of 18 U.S.C. § 3553(a) factors, not to apply § 5G1.3(b) to McLoone's state sentence for assault with a firearm. Under the advisory guidelines system, such a variance is permitted, if the district court adequately explains its reasons. *State v. Armstead*, 552 F.3d 769, 784 (9th Cir. 2008). The district court's reference to the § 3553(a) factors and its explanation that a fully concurrent sentence would insufficiently punish McLoone for his separate federal offense was adequate.

McLoone next argues that the sentence is procedurally erroneous because the district court failed to give him notice of its intention not to follow § 5G1.3(b). Notice, however, was not required because McLoone's sentence was a variance,

3

and not a pre-*Booker*[1] departure under 18 U.S.C. § 3553(b).  *Irizarry v. United States*, 553 U.S. 708, 714-15 (2008).  Furthermore, McLoone in fact was given notice and was granted a continuance to supplement his briefing of the § 5G1.3(b) issue.

McLoone argues the sentence was procedurally erroneous because the district court failed to consider his arguments in support of a horizontal departure from criminal history category V to category IV.  Namely, McLoone claimed that category V over-represented his criminal history because it included a seventeen-year-old warrant for failure to appear in Florida state court on a misdemeanor battery charge to which he had pleaded no contest, but which has not been yet adjudicated.  Contrary to McLoone's contentions, the district court adequately considered the arguments, but rejected them because of McLoone's history of violence against his female partners.  There was no procedural error.

Finally, McLoone argues that the twenty-four-month consecutive portion of his sentence was substantively unreasonable.  He contends that his crime of being a felon in possession was only of three months' duration and was innocuous except for the assaultive conduct.  He also contends that he did not acquire the guns, that the guns were legally owned by his girlfriend, that they did not have unusual

---

[1]*United States v. Booke*r, 543 U.S. 220 (2005).

4

characteristics, and that he did not typically carry the guns on his person, but used them only for target shooting and home protection.

In rejecting McLoone's plea for a lighter sentence, the district court repeatedly emphasized McLoone's violent nature, as reflected by his criminal history and the events giving rise to the instant offense, and the increased risk to society that his possession of firearms posed for that reason. The district court also expressed concern that by imposing a sentence fully concurrent to the state sentence for assault with a firearm, McLoone would be too leniently punished for his separate, and serious, federal offense of being a felon in possession of firearms and ammunition. It therefore sentenced McLoone to the high end of the Guidelines sentencing range, forty-six months, twenty-two of which are to be served concurrent to his state sentence and twenty-four consecutive to that sentence.

Where the district court specifically considered the § 3553(a) factors and sentenced McLoone at the high end of the Guidelines sentencing range in recognition of the aggravating circumstances in his criminal history and the instant offense and the fact that almost half the sentence will be served concurrent to a different sentence, we cannot say that the district court abused its discretion or that the sentence was unreasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir 2008), *cert. denied Zavala v. United States*, 553 U.S. 1061 (2008).

5

AFFIRMED.