COLLOTON, Circuit Judge.
Christopher Carter pleaded guilty to one count of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to a term of 105 months’ imprisonment, to be followed by three years of supervised release. Carter appeals the district court’s application of the advisory sentencing guidelines and its imposition of a special condition of supervised release. We affirm.
On July 12, 2008, Carter knocked on the door of a motel room in Little Rock, Arkansas, identifying himself as “room service.” After the occupant of the room opened the door, Carter forced his way into the room, pointed a handgun at the occupant, demanded money, and threatened to kill the occupant. Carter and a female associate collected the occupant’s money and left the room. The police were called, and officers arrested Carter and his associate later that day after observing them as they exited a car with a stolen license plate. Inside the car, the officers discovered a semi-automatic pistol on the center console, along with ammunition and $50 in cash. The victim identified Carter as the man who robbed him at gunpoint. On January 5, 2009, Carter pleaded guilty in Arkansas state court to charges of robbery and theft and was sentenced to a twelve-year term of imprisonment. Carter has been incarcerated since July 12, 2008, and he is projected to be released from state custody in December 2016.
On June 3, 2009, a federal grand jury indicted Carter on one count of unlawful possession of a firearm as a previously convicted felon, in violation of § 922(g)(1). There is no dispute that the felon-in-possession count stemmed from the discovery *896 of the semi-automatic pistol at the time of Carter’s arrest on the state robbery and theft charges. Carter pleaded guilty to the § 922(g)(1) charge on May 24, 2010.
At sentencing, the district court determined that Carter’s advisory guideline sentencing range was 84 to 105 months’ imprisonment. Carter asked the district court to reduce the range by 24 months, to 60 to 81 months’ imprisonment, to account for the time he had already served in state custody for his state robbery and theft convictions. He relied on USSG § 5G1.3(b)(l), which provides:
If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction ... and that was the basis for an increase in the offense level for the instant offense ... the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.
Under § 5G1.3(b)(l), a sentencing court should first calculate the appropriate total punishment for a defendant, then reduce that total punishment to account for the time the defendant has already spent in custody. USSG § 5G1.3, comment. (n.2(D)). The district court believed that § 5G1.3(b)(l) called for a 24-month reduction in Carter’s ultimate sentence. After expressing concern about Carter’s extensive criminal history, however, the district court indicated that it would not follow § 5G1.3(b)(l); instead, the court imposed a sentence of 105 months’ imprisonment and three years of supervised release. Over Carter’s objection, the district court also imposed a special condition of supervised release that barred Carter from obtaining employment with a federal credit union or any institution insured by the Federal Deposit Insurance Corporation (“FDIC”). Carter now argues that the district court erred by failing to consider § 5G1.3(b)(1) in its guidelines calculations and by imposing the special condition restricting his ability to work at federal credit unions and FDIC-insured institutions.
Carter asserts that the district court committed procedural error at sentencing by failing to apply § 5G1.3(b)(l) in its guidelines calculations. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We disagree, because the record shows that the district court properly considered § 5G1.3(b)(l) in its guidelines calculations and reached its chosen 105-month sentence only after determining that a guidelines sentence was inappropriate.
The district court correctly calculated an advisory guidelines range of 84 to 105 months’ imprisonment before considering the effect of § 5G1.3(b)(l). See USSG § lBl.l(a)(7). The district court repeatedly stated that it understood Carter’s § 5G1.3(b)(l) argument, and even described in detail the purposes of that provision. See United States v. Williams, 557 F.3d 556, 563 (8th Cir.2009). The court observed, however, that “[t]he guidelines aren’t mandatory,” and asked why it “should ... even give a guideline sentence,” given Carter’s history of violent criminal conduct. Rather than sentence Carter to a term that reflected an advisory reduction under § 5G1.3(b)(l), the district court determined that a variance from the guidelines was appropriate in light of other factors set forth in 18 U.S.C. § 3553(a), including the need for the sentence imposed to reflect the seriousness of the offense, to deter criminal conduct, to protect the public, and to provide the defendant with educational and vocational training. See 18 U.S.C. § 3553(a)(2). Ultimately, the court imposed a sentence of *897 105 months’ imprisonment, and stated in response to Carter’s § 5G1.3(b)(l) objection that it “was not going to give him a guideline sentence on that.” The court thus did not fail to consider § 5G1.3(b)(l) in its guidelines calculations or in fashioning its ultimate sentence; it simply determined that, in light of all of the § 3553(a) factors, a variance from the guidelines was appropriate. See United States v. McLoone, 411 Fed.Appx. 45, 47-48 (9th Cir.2011); United States v. Lane, 509 F.3d 771, 775-76 (6th Cir.2007).
Carter also asserts that the special condition restricting his ability to work at certain financial institutions should be vacated. He argues, among other things, that this occupational restriction is not reasonably related to the relevant § 3553(a) factors and that the district court failed to support the restriction with sufficient individualized findings. We review the district court’s imposition of special conditions of supervised release for an abuse of discretion. United States v. Durham, 618 F.3d 921, 933 (8th Cir.2010).
The district court declared at sentencing that Carter “is disallowed from obtaining employment with an institution insured by the FDIC or Federal Credit Union,” and explained at sentencing that the special condition was appropriate for Carter “because of his history.” As is often the case, this oral pronouncement was worded imprecisely, see United States v. Love, 593 F.3d 1, 10 (D.C.Cir.2010), but the written judgment clarified, consistent with the oral pronouncement, that “[p]ursuant to 12 USC §§ 1785 and 1829, the defendant shall not obtain employment in an institution insured by the FDIC or a Federal Credit Union.” The cited statutes provide that “any person who has been convicted of any criminal offense involving dishonesty or a breach of trust” may not serve as an employee of an “insured credit union” or an institution insured by the FDIC. See 12 U.S.C. §§ 1785(d)(1)(A), 1829(a)(1)(A); see also 12 U.S.C. §§ 1752, 1813(u). Carter’s prior convictions for theft and robbery (“his history”) are criminal offenses “involving dishonesty or a breach of trust.” See Guidance Regarding Prohibitions Imposed by Section 205(d) of the Federal Credit Union Act, 73 Fed.Reg. 48,399, 48,403 (Aug. 19, 2008); Statement of Policy Pursuant to Section 19 of the Federal Deposit Insurance Act, 63 Fed. Reg. 66,177, 66,185 (Dec. 1, 1998). Carter is thus statutorily barred from working at a federal credit union or FDIC-insured institution. As the district court merely incorporated a statutory prohibition and ordered Carter to comply with federal law, there was no abuse of discretion. See United States v. Miller, 557 F.3d 910, 918 (8th Cir.2009).
The judgment of the district court is affirmed.

. The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.