# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1283

_____

United States of America

*Plaintiff - Appellee*

v.

Craig Steven Moore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2013
Filed: November 4, 2013

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Craig Moore appeals the district court's[1] order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the United States Sentencing Guidelines. We affirm.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

I.

In 2005, Moore pled guilty to conspiring to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2012). Moore's advisory guideline range was 135 to 168 months' imprisonment. The government filed for enhanced penalties under 21 U.S.C. § 851, subjecting Moore to the statutory minimum of mandatory life imprisonment. The government also filed a motion to depart downward from the statutory minimum based on Moore's substantial assistance. The court granted the government's motion and sentenced Moore to 138 months' imprisonment, followed by 5 years' supervised release.

Amendment 750, which became effective November 2011, lowered the base offense level for certain drug offenses. See United States v. Benson, 715 F.3d 705, 707 (8th Cir. 2013). In 2012, Moore moved for a sentence reduction based on 18 U.S.C. § 3582(c)(2), arguing that his advisory range under the amended guidelines would be 70 to 87 months. The district court denied the motion, ruling that "Moore's applicable guideline range has not been lowered by an amendment to the Sentencing Guidelines" because the applicable guideline range used to sentence Moore was a statutory mandatory minimum. Moore appeals.

II.

We review a district court's determination that it lacks authority to modify a sentence under 18 U.S.C. § 3582(c)(2) de novo. United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam).

The guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S. Sentencing Guidelines Manual § 5G1.1(b) (2012). "This remains the rule even when a

sentencing judge has imposed a sentence below the statutory minimum due to the defendant's substantial cooperation." United States v. Golden, 709 F.3d 1229, 1231 (8th Cir. 2013).

Moore argues the district court should have granted his § 3582(c)(2) motion because he believes the "applicable guideline range," as defined by U.S.S.G. § 1B1.10, is separate from the "guideline sentence" referred to in Section 5G1.1(b). We disagree. Moore's argument ignores the commentary following U.S.S.G. § 1B1.10, which states that an amendment to the guidelines is not intended to affect a sentence that was derived from a statutory mandatory minimum. See U.S.S.G. § 1B1.10 cmt. n.1(A) (2012) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . (ii) . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see also Golden, 709 F.3d at 1232 (rejecting a defendant's argument that there is a distinction between "a guideline 'range' and guideline 'sentence'" as used in the commentary following U.S.S.G. § 1B1.10). Moore's sentence was based on a statutory mandatory minimum term of imprisonment. Accordingly, Amendment 750 does not apply, see United States v. Lewis, 476 F. App'x 100, 101 (8th Cir. 2012) (per curiam) (unpublished opinion), and Moore is not eligible for relief under section § 3582(c)(2).

III.

The judgment of the district court is affirmed.

_____