# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3206

_____

United States of America

*Plaintiff - Appellee*

v.

Princeton C. Baker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: March 24, 2014
Filed: March 27, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Princeton Baker directly appeals the sentence that the district court[1] imposed after Baker pleaded guilty to escaping from federal custody. His counsel has moved

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable because it was imposed consecutively to an undischarged state sentence.

We conclude that the district court did not abuse its discretion. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate review of sentencing decision). The court determined the advisory Guidelines range; heard the parties' arguments for and against varying from U.S.S.G. § 5G1.3(b), which recommended concurrent sentencing; discussed the 18 U.S.C. § 3553(a) factors; and carefully explained the decision to run the federal sentence consecutively to the state sentence in the particular circumstances of Baker's case. *See* 18 U.S.C. § 3584(b) (directing court to consider § 3553(a) factors in determining whether sentence should run consecutively to or concurrently with another sentence); *United States v. Carter*, 652 F.3d 894, 896-97 (8th Cir. 2011) (affirming sentence where court determined variance from Guidelines was appropriate in light of § 3553(a) factors). In addition, we have independently reviewed the record in accordance with *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____