# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3254

_____

United States of America,

*Plaintiff - Appellee,*

v.

Maurice Jabbar White,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2016
Filed: June 12, 2017

_____

Before LOKEN, SMITH[1], and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States
Court of Appeals for the Eighth Circuit on March 11, 2017.

Maurice White pleaded guilty in 2008 to a charge that he conspired to distribute crack cocaine. The district court[2] sentenced him to 152 months' imprisonment. This appeal concerns the district court's decision in 2015 on White's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

At White's original sentencing in 2009, the district court calculated White's guideline range as 188 to 235 months' imprisonment, and then departed downward from the bottom of the range by 36 months under USSG § 5K2.23. Section 5K2.23 provides that a downward departure may be appropriate if the defendant has completed a term of imprisonment for another offense that is relevant conduct to the instant offense of conviction. USSG §§ 5K2.23, 5G1.3(b). The court determined that White had finished serving 36 months in prison for drug offenses that were part of the relevant conduct making up the conspiracy to which he pleaded guilty. Therefore, the court sentenced White to a term of 152 months.

In 2014, while White was serving his term of imprisonment, the United States Sentencing Commission adopted Amendment 782 and applied it retroactively. The amendment reduced by two levels the offense levels assigned to the drug quantities that trigger the statutory mandatory minimum penalties incorporated in USSG § 2D1.1. USSG App. C., Amend. 782 (2014). White then moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the amended guideline.

Under the amended guidelines, White's advisory guideline range was 151 to 188 months. White argued that the district court should reduce his sentence from the original 152 months to 120 months, the statutory minimum. He reasoned that the court originally departed downward by 36 months from the bottom of the advisory range, and he urged the court to follow the same course (subject to the statutory

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

minimum) when making a reduction under § 3582(c)(2). In other words, he asked the court to begin with a guideline sentence of 151 months at the bottom of the advisory range, and then to apply a "credit" of 36 months (limited to 31 months by the statutory minimum) based on discharged terms of imprisonment for offenses that were relevant conduct to the instant conspiracy offense.

The district court reduced White's sentence to 151 months, the bottom of the amended guideline range, but declined to reduce the term further. The court concluded that it lacked authority under § 3582(c)(2) to give White "credit" for the 36 months that he served for prior convictions. White now appeals, arguing that the district court erroneously denied his request for a larger reduction. We conclude that White preserved this argument, and we review the district court's interpretation of the statute and sentencing guidelines *de novo*.

Once a district court imposes sentence, the court can modify the term of imprisonment only as provided in 18 U.S.C. § 3582(c). Section 3582(c)(2) allows a district court to reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that is subsequently lowered by the Sentencing Commission. Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The applicable policy statement here is USSG § 1B1.10. Under that provision, with one exception, the "court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). The commentary is explicit that this limitation applies even when the original sentence was below the guideline range based on a "downward departure or variance." USSG § 1B1.10, comment. (n.3). The only exception to this limitation is where the defendant's original term of imprisonment was less than the guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." USSG § 1B1.10(b)(2)(B); *see United States v. Harris*, 688

F.3d 950, 952 (8th Cir. 2012). In that case, "a reduction comparably less than the amended guideline range . . . may be appropriate." USSG § 1B1.10(b)(2)(B).

White's original term of imprisonment was less than the guideline range because the district court granted a downward departure under § 5K2.23 to account for White's discharged terms of imprisonment. In ruling on White's later motion to reduce his sentence, the district court correctly determined that § 3582(c)(2) and USSG § 1B1.10 forbid the court to reduce White's sentence below the amended guideline range. Although the court granted a downward departure at the original sentencing, the guidelines do not allow the court to make a proportionate reduction or departure below an amended guideline range on a motion under § 3582(c)(2).

White argues that the limitation of § 1B1.10 should not apply, because the reduction at his original sentencing was a "credit" for discharged terms of imprisonment and not a "traditional" departure or variance based on unique characteristics of the crime or the offender. Citing *United States v. Malloy*, 845 F. Supp. 2d 475, 484 (N.D.N.Y. 2012), White contends that a defendant is eligible to receive a reduction for *un*discharged terms of imprisonment under § 5G1.3(b), and he complains that it would thus be "inequitable" to refuse a reduction for discharged terms of imprisonment based on § 5K2.23. The short answer is that however § 5G1.3(b) applies in a § 3582(c)(2) proceeding, the guidelines are clear that the court cannot reduce a defendant's term below the amended guideline range based on a downward departure for reasons other than substantial assistance. Section 5K2.23 provides for a downward departure based on a defendant's discharged term of imprisonment. *See United States v. Shows*, No. 2:09-CR-084, 2015 WL 2341031, at *2-4 (E.D. Tenn. May 14, 2015).

In any event, we also do not see an anomaly in the treatment of discharged and undischarged terms of imprisonment, because § 5G1.3(b) does not permit a district court to reduce a defendant's sentence below the amended guideline range. Section

-4-

5G1.3(b) provides that the sentencing court "shall adjust the sentence" for any period of imprisonment already served on a defendant's undischarged term of imprisonment for another offense that is relevant conduct to the instant offense of conviction. USSG § 5G1.3(b)(1). But § 5G1.3(b) does not reduce the defendant's *guideline range*; it allows for a "sentence reduction" *after* the court has determined the applicable range. USSG § 5G1.3, comment. (n.2(C)); *see* USSG § 1B1.1(a)(8). The undischarged term of imprisonment thus does not factor into a court's determination of an amended guideline range in a § 3582(c)(2) proceeding, and it does not justify fixing a term of imprisonment that is less than the amended range. Reductions under § 5G1.3(b) and departures under § 5K2.23 at an original sentencing are treated consistently in that respect. Whether § 1B1.10 should allow for consideration of these reductions and departures in a § 3582(c)(2) proceeding is a matter for the Sentencing Commission.

The judgment of the district court is affirmed.

_____