# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1284

_____

United States of America,

*Plaintiff - Appellee,*

v.

Matthew Benjamin Helm,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 17, 2017
Filed: June 6, 2018

_____

Before COLLOTON and GRUENDER, Circuit Judges, and READE,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Matthew Helm pleaded guilty to conspiracy to distribute fifty grams or more of methamphetamine, and the district court sentenced him to 96 months' imprisonment. After the Sentencing Commission reduced the offense level for

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation.

methamphetamine trafficking in 2014, Helm moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2), but the district court[2] denied the motion. We conclude that Helm was not eligible for a reduction, and we therefore affirm the decision.

Helm pleaded guilty in 2011. Applying the sentencing guidelines, the district court calculated a total offense level of 27 and a criminal history category of VI, which resulted in an advisory guideline range of 130 to 162 months' imprisonment. Starting from the minimum of the guideline range, the court adjusted the sentence downward by 17 months based on time that Helm served on an undischarged sentence in Oklahoma for conduct relevant to the offense of conviction in this case. *See* USSG § 5G1.3(b)(1). The court then varied downward from 113 months to 96 months based on considerations under 18 U.S.C. § 3553(a).

In 2014, the Sentencing Commission promulgated Amendment 782 to reduce the offense level for many drug offenses, and applied the amendment retroactively. *See* USSG App. C., Amend. 782 (2014); USSG § 1B1.10(d). As applied to Helm's case, the change reduced his base offense level by two, and diminished his total offense level from 27 to 25. *Compare* USSG § 2D1.1(c)(8) (2014), *with* USSG § 2D1.1(c)(7) (2011). The advisory guideline range for offense level 25 and criminal history category VI is 110 to 137 months.

Helm sought a reduction in sentence under § 3582(c), but the district court denied his motion as follows: "The defendant was granted a downward variance. His current sentence is below the amended guideline range. Therefore, he is not eligible for a reduction." The district court also denied a motion to reconsider, and Helm appeals. We review the district court's interpretation of the statute and sentencing guidelines *de novo*. *United States v. White*, 859 F.3d 569, 571 (8th Cir. 2017).

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

Helm argues that the district court erred by concluding that he was ineligible for a sentence reduction. His eligibility turns on whether his current sentence of 96 months is greater than the minimum of the amended guideline range. This is so because § 3582(c) requires that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is USSG § 1B1.10, *see Dillon v. United States*, 560 U.S. 817, 826 (2010), and that provision forbids a court (with one exception not applicable here) to "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." § 1B1.10(b)(2)(A).

As noted, the advisory guideline range corresponding to Helm's amended offense level and criminal history was 110 to 137 months' imprisonment. Helm's theory is that the 17-month adjustment that the district court applied under § 5G1.3(b) for service of an undischarged sentence reduced the bottom of his guideline range. On that view, the minimum of his amended range was 93 months, not 110 months, and the court could reduce his sentence from 96 months to 93 months without running afoul of § 1B1.10. Whether Helm is correct depends on whether the adjustment under § 5G1.3(b) enters into the calculation of the amended guideline range or merely adjusts the defendant's sentence after the guideline range already has been determined.

The commentary to § 1B1.10 explains that the amended guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10, comment. (n.1(A)). Section § 1B1.1(a), in turn, provides eight steps for determining "the kinds of sentence and the guideline range as set forth in the guidelines." The first five steps instruct the sentencing court how to calculate a defendant's offense level while the sixth step tells how to determine the criminal history category. § 1B1.1(a)(1)-(6).

Step seven then requires the court to "[d]etermine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above." § 1B1.1(a)(7). The key to Helm's appeal, § 5G1.3(b), comes into play at step eight. That subsection provides: "*For the particular guideline range*, determine from Parts B through G of Chapter Five *the sentencing requirements and options* related to probation, imprisonment, supervision conditions, fines, and restitution." § 1B1.1(a)(8) (emphases added).

As we understand the instructions, the calculation of an "amended guideline range" is complete at step seven of § 1B1.1(a); step eight and an adjustment under § 5G1.3(b) does not enter into the calculation. Step seven is where the court determines "*the guideline range* in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above." USSG § 1B1.1(a)(7) (emphasis added). Step eight assumes that the court already has calculated the guideline range and instructs the court to determine the "sentencing requirements and options" that apply "[f]or the particular guideline range" that was previously determined. § 1B1.1(a)(8). Therefore, as we said in *United States v. White*, 859 F.3d 569 (8th Cir. 2017), "§ 5G1.3(b) does not reduce the defendant's *guideline range*; it allows for a 'sentence reduction' *after* the court has determined the applicable range." *Id*. at 571. Helm is correct that § 5G1.3 does not provide for a "variance" or "departure," but neither does it factor into calculation of the "amended guideline range."

Helm suggests that *United States v. Carter*, 652 F.3d 894 (8th Cir. 2011), implies that § 5G1.3(b) does play a role in determining the guideline range. In *Carter*, the district court calculated an advisory guideline range of 84 to 105 months' imprisonment, and the defendant urged a downward adjustment of 24 months under § 5G1.3(b) for time served in state custody. The district court imposed a sentence of 105 months, and we characterized the sentence as a "variance from the guidelines." *Id*. at 897. Helm says that if the sentence was a "variance," then the defendant's

-4-

guideline range must have been reduced based on § 5G1.3(b), because otherwise a term of 105 months would have been within the guideline range and not a "variance." This is not so. A "variance" leads to a sentence different from what the guidelines recommend. Section 5G1.3(b), by directing the court to "adjust the sentence," affects a defendant's guideline *sentence*, even though it does not alter the guideline *range*. So when the district court in *Carter* declined to sentence the defendant to a term that reflected both the advisory guideline range and the adjustment under § 5G1.3, the court varied from the guidelines.

Better authority for Helm's cause is the Eleventh Circuit's decision in *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1336-39 (11th Cir. 2017) (per curiam). There, the court said that it was bound by *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), to apply all eight steps of § 1B1.1(a) before it could arrive at the amended guideline range for purposes of § 1B1.10. *Gonzalez-Murillo*, 852 F.3d at 1336. *Hippolyte*, however, did not involve § 5G1.3(b); it appeared to assume that because § 5G1.1(b) provides that a statutory minimum sentence greater than the guideline range will become the "guideline sentence," the court must take into account Part G of Chapter 5 when determining the "amended guideline range." 712 F.3d at 541.

We think this analysis, like Helm's argument regarding our decision in *Carter*, conflates "guideline range" with "guideline sentence." *See In re Sealed Case*, 722 F.3d 361, 369-70 (D.C. Cir. 2013). The Sentencing Commission's own example concerning § 5G1.3(b) demonstrates the point: it describes a defendant with a "guideline range" of 12-18 months, but a "sentence" of seven months after an "adjustment" under § 5G1.3(b). USSG § 5G1.3, comment. (n.2(D)). Although the distinction is sometimes subtle, the guidelines manual differentiates between the guideline range that is determined from the Sentencing Table based on an offense level and criminal history category, *see* USSG § 1B1.1(a)(7); USSG § 1B1.10, comment. (n.1(A)), and other factors—such as statutory penalties—that "affect" or

-5-

"restrict" the guideline range when the court considers "sentencing requirements and options" at step eight of the application instructions. *See* § 5G1.1, comment.; § 5G1.2, comment. (n.1); *see also* USSG § 1B1.10, comment. (n.1(A)).

In earlier years, this court reached a different conclusion and held that the "guideline sentence" dictated by a statutory minimum penalty became the "guideline range." *United States v. Golden*, 709 F.3d 1229, 1232 (8th Cir. 2013); *see also United States v. Moore*, 734 F.3d 836, 838 (8th Cir. 2013). In 2014, however, the Sentencing Commission superseded the reasoning of *Golden* in Amendment 780 and USSG § 1B1.10(c). The Commission noted the conflict between *Golden* and decisions of the D.C. Circuit in *In re Sealed Case*, 722 F.3d at 369-70, and the Third Circuit in *United States v. Savani*, 733 F.3d 56, 66-67 (3d Cir. 2013), and "generally adopted" the approach of the other circuits that the bottom of the amended guideline range is "the bottom of the Sentencing Table guideline range." USSG App. C., Amend. 780 (2014). This court then acknowledged that "the Sentencing Commission overruled *Golden*." *United States v. Bogdan*, 835 F.3d 805, 807 (8th Cir. 2016).[3]

The district court correctly concluded that § 5G1.3(b) and a sentence adjustment for time served on an undischarged term of imprisonment does not enter into the calculation of Helm's amended guideline range. Helm's current sentence of 96 months is therefore less than his amended guideline range of 110 to 137 months, and he is ineligible for a sentence reduction under § 3582(c)(2). We can imagine

---

[3]While *Moore* cited *Golden*'s now-outmoded reasoning that there is no distinction between a "guideline range" and a "guideline sentence," the holding in *Moore* rested on a different proposition. The court ruled that where a defendant's statutory minimum sentence was greater than the maximum of the applicable guideline range, the defendant could not have been sentenced "based on" a sentencing range that had subsequently been lowered within the meaning of § 3582(c)(2), because he was sentenced "based on" the statutory minimum penalty. 734 F.3d at 838. This court reaffirmed *Moore*'s holding in *United States v. Koons*, 850 F.3d 973, 977-79 (8th Cir. 2017), *aff'd*, No. 17-5716, 2018 WL 2465190 (June 4, 2018).

policy arguments for allowing a district court to reduce a sentence under this statute when a defendant's current sentence is less than the minimum of an amended guideline range but greater than an amended guideline sentence after application of § 5G1.3(b). But § 1B1.10 embodies a different policy choice. As we noted in a prior decision, the present system has the effect of treating discharged and undischarged sentences alike in § 3582(c) proceedings. *See White,* 859 F.3d at 572; *cf. Gonzalez-Murillo*, 852 F.3d at 1342-43 (Rosenbaum, J., concurring).

The judgment of the district court is affirmed.

_____