# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2881

_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Ovidio Rodriguez, also known as Jonathan Alva Aguirre

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 25, 2018
Filed: February 4, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

PER CURIAM.

Ruben Ovidio Rodriguez challenges the two concurrent 151-month sentences he received after pleading guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). He specifically

challenges the district court's[1] finding that he was ineligible for a reduced sentence under Amendment 782[2] because of his career offender status. *See* U.S.S.G. § 4B1.1.(a). Rodriguez argues the district court erred in classifying his conviction for California second-degree robbery as a "crime of violence." If the California offense is not a crime of violence, Rodriguez would not be a career offender under U.S.S.G. § 4B1.1. But we must first address whether Rodriguez waived his appellate rights. Upon review, we conclude Rodriguez waived his appellate rights and dismiss the appeal.

## I. *Background*

Rodriguez is a citizen of El Salvador and a native Spanish speaker. Pursuant to a written agreement, Rodriguez pleaded guilty to possession with intent to distribute cocaine and illegal reentry after removal. His plea agreement included a waiver of appellate rights whereby he "expressly waive[d] his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." Plea Agreement at 11, *United States v. Rodriguez*, No. 4:13-cr-00252-DW-1 (W.D. Mo. Apr. 22, 2014), ECF No. 30.

Rodriguez's presentence investigation report (PSR) indicated a combined adjusted offense level of 26. The PSR then included a six-level career offender enhancement pursuant to U.S.S.G. § 4B1.1. The enhancement applied based on two California convictions: (1) possession of a controlled substance for sale and (2)

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]"In 2014, the Sentencing Commission promulgated Amendment 782 to reduce the offense level for many drug offenses, and applied the amendment retroactively." *United States v. Helm*, 891 F.3d 740, 741 (8th Cir. 2018) (citing U.S.S.G. App. C., Amend. 782 (2014); U.S.S.G. § 1B1.10(d)).

robbery. After accounting for acceptance of responsibility reductions, the PSR recommended a total offense level of 29. The PSR also indicated a criminal history category of VI based on Rodriguez's career offender status. *See* U.S.S.G. § 4B1.1(b). Based on an offense level of 29 and a criminal history category of VI, the PSR calculated a Guidelines range of 151 to 188 months' imprisonment.

The district court adopted the PSR's recommendations. At sentencing, Rodriguez asked the court to vary downward by discounting the career offender enhancement. The court declined the downward variance request. Post-sentencing, Rodriguez moved pro se for a sentence reduction under Amendment 782. Rodriguez filed a total of four such motions, and the district court denied all four motions, noting that Rodriguez's career offender status made him ineligible for the reduction.

## II. *Discussion*

On appeal, Rodriguez contends the court improperly counted his California robbery conviction as a crime of violence, which would be a predicate offense for application of the career offender enhancement. In response, the government claims Rodriguez's appeal is barred by the waiver of appellate rights in his plea agreement. Rodriguez counters that his appeal should nonetheless proceed because (1) he did not enter into the waiver knowingly and voluntarily, (2) the appeal is outside the scope of the waiver, and (3) dismissing the appeal would result in a miscarriage of justice.

### A. *"Knowingly and Voluntarily"*

We have held that a defendant may waive his right to appeal a sentence. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). To enforce a waiver, however, the government must prove "(1) that the appeal is within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *United States v. Aronja-Inda*, 422 F.3d 734, 737 (8th Cir. 2005).

Rodriguez argues he could not have entered into the waiver "knowingly and voluntarily" because he was not assisted by a certified interpreter during the plea and sentencing process. Rodriguez was assisted by a court-appointed interpreter, but the interpreter was not formally certified. Rodriguez avers that this court should consider the interpreter's lack of certification as proof that he did not knowingly and voluntarily waive his appellate rights.

In cases involving non-English speakers, the appointment of an interpreter is a matter of the district court's discretion. *United States v. Gonzales*, 339 F.3d 725, 727 (8th Cir. 2003). However, when the court does decide to appoint an interpreter, it must follow the Court Interpreters Act ("Act"). *Id.* According to the Act, courts must "utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter." 28 U.S.C. § 1827(d)(1). However, the defendant may waive the right to an interpreter under the Act. *Id.* § 1827(f)(1).

"Because [Rodriguez] failed to raise this issue before the district court, we review for plain error." *Gonzales*, 339 F.3d at 728. While "[a]dherence to the requirements of the Act is not optional," *id.*, the court's failure to use a certified interpreter will not constitute plain error unless the failure affected the defendant's "substantial rights." *Id.* at 729. In other words, the defendant must prove that the lack of a certified interpreter actually prevented him from "knowingly, voluntarily and intelligently" waiving his appellate rights. *Id.*

Rodriguez presents no such evidence. There is no evidence Rodriguez did not understand his plea agreement's contents, or that the substance of his agreement would have been different had he been provided with a certified interpreter rather than an uncertified interpreter. In fact, the evidence suggests the contrary. Rodriguez expressed satisfaction with his uncertified interpreter. At a pre-sentencing hearing,

Rodriguez's counsel stated, "[W]e're very familiar with the interpreter—we're familiar with the interpreter and we're very happy with all the interpreting services that have been rendered in this case." Tr. of Mot. to Continue Sentencing at 2, *United States v. Rodriguez*, No. 4:13-cr-00252-DW-1 (W.D. Mo. Dec. 1, 2014), ECF No. 64.

Rodriguez also waived his right to a certified interpreter orally and in writing. At Rodriguez's pre-sentencing hearing, counsel noted that "[Rodriguez] needs an interpreter, but we're waiving the requirement the interpreter needs to be certified under any state or federal regulations." *Id.* Rodriguez also signed a written waiver to this effect in both English and Spanish.

Because Rodriguez presents no evidence suggesting the absence of a certified interpreter affected his substantial rights, we find the appeal waiver valid.

## B. *Miscarriage of Justice*

Rodriguez next claims enforcing the waiver would result in a miscarriage of justice, focusing on the court's alleged Guidelines miscalculation.

We have defined the miscarriage-of-justice exception as "a narrow one [that] will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Andis*, 333 F.3d at 891. An illegal sentence, i.e., a sentence outside the statutory limits, can constitute a miscarriage of justice. *Id.* at 892. But, "the illegal sentence exception to the general enforceability of an appeal waiver is . . . extremely narrow." *Id.* "Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Id.*

-5-

Rodriguez received a sentence within the Guidelines range and certainly within the statutory range for the crime of conviction. On these facts, we find that no miscarriage of justice results from enforcing the waiver.

## C. *Scope of the Waiver*

Finally, Rodriguez argues his appeal is outside the scope of the waiver because his counsel rendered ineffective assistance. Rodriguez's waiver contains an exception for appeals on the grounds of ineffective assistance. Rodriguez claims counsel was ineffective in failing "to recognize the potential application of the career offender enhancement" in his plea deal. Appellant's Reply Br. at 5.

Ineffective-assistance-of-counsel claims "are usually best litigated in collateral proceedings," rather than on direct appeal. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006). "We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." *Id.* at 827.

Here, none of these conditions are present. Furthermore, the plea agreement clearly states that "[t]here is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the [PSR] prepared by the United States Probation Office." Plea Agreement at 11. Counsel's reasons for not reaching agreement on Rodriguez's criminal history are not apparent, and this record is insufficient to determine the reasonableness of the decision. We discern no miscarriage of justice and therefore decline to address Rodriguez's ineffective-assistance-of-counsel claim on direct appeal.

III. *Conclusion*

Because Rodriguez waived his appellate rights, we hold this appeal is barred.[3] Accordingly, we dismiss the appeal.

_____

[3]We do not reach the question of whether California second-degree robbery is a crime of violence for purposes of the career offender enhancement.