# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3314
_____

United States of America,

*Plaintiff - Appellant,*

v.

Stirling Michael Heaton,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2018
Filed: March 20, 2019

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The government appeals an order of the district court reducing Stirling Heaton's term of imprisonment in light of Amendment 782 to the United States Sentencing Guidelines. Consistent with *United States v. Helm*, 891 F.3d 740 (8th Cir. 2018), we conclude that the district court impermissibly reduced Heaton's sentence below his amended guideline range, so we reverse and remand for resentencing.

Heaton pleaded guilty in 2012 to a conspiracy to participate in racketeering activity, and the district court sentenced him to 115 months' imprisonment. The court arrived at the sentence by first calculating an advisory guideline range of 130 to 162 months' imprisonment, based on a total offense level of 28 and a criminal history category V, and choosing a sentence of 136 months within that range. Applying USSG § 5G1.3(b)(1), the court then adjusted the sentence downward by 18 months, based on time that Heaton had served in state custody on an undischarged term of imprisonment for an offense that was relevant conduct to the federal offense. The court reduced the term by another three months under 18 U.S.C. § 3553(a) to account for "good time credit" that Heaton could have earned in federal custody for the 18 months served in state custody. Accordingly, the court imposed a final sentence of 115 months' imprisonment.

In 2014, the Sentencing Commission promulgated Amendment 782, which reduced the offense level for many drug-related offenses. *See* USSG App. C, Amend. 782 (2014). Because the underlying offenses for Heaton's racketeering conspiracy involved drug trafficking, and thus triggered application of the drug trafficking guideline, *see* USSG § 1B1.2(a), the amendment reduced Heaton's base offense level by two, from 26 to 24, and his total offense level from 28 to 26. *Compare* USSG § 2D1.1(c)(7) (2011), *with* USSG § 2D1.1(c)(8) (2014).

Heaton then moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). That provision allows a court to reduce a defendant's term of imprisonment based on a retroactive amendment to the guidelines, if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One such policy statement forbids a court (with an exception not applicable here) to "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is *less than the minimum of the amended guideline range*." USSG § 1B1.10(b)(2)(A) (emphasis added).

The district court granted Heaton's motion and reduced his sentence to 98 months' imprisonment. The court reasoned that Heaton's "amended Guidelines range" was 92 to 119 months. The court calculated an "initial Guidelines range" of 110 to 137 months, based on a new total offense level of 26 and criminal history category V, and then subtracted the 18-month adjustment under USSG § 5G1.3(b)(1) for time served in state custody. After considering the factors set forth in 18 U.S.C. § 3553(a), the court arrived at a sentence of 98 months.

The government argues on appeal that the "amended guideline range" for Heaton was 110 to 137 months' imprisonment, and that the court erred by reducing Heaton's term below 110 months. For reasons explained in *Helm*, we agree. The guideline range corresponds to the defendant's offense level and criminal history category. Section 5G1.3(b) does not enter into the calculation of an amended guideline range. 891 F.3d at 742-43. Therefore, Heaton's "amended guideline range" was 110 to 137 months' imprisonment. Any reduction below 110 months was inconsistent with the policy statement in USSG § 1B1.10(b)(2)(A) and thus unauthorized by 18 U.S.C. § 3582(c)(2).

Heaton argues that the sentence was consistent with § 1B1.10, because his "term of imprisonment" includes the 18 months that he served in state custody. On that view, his term was not 98 months, but 116 months. *See United States v. Brito*, 868 F.3d 875, 881 (9th Cir. 2017). In our view, the text of § 1B1.10(b)(2)(A) cannot bear this interpretation. *See id.* at 883-84 (McKeown, J., dissenting). The phrase "term of imprisonment" in § 1B1.10(b)(2)(A) refers to the same phrase in 18 U.S.C. § 3582(c)(2). Section 3582(c)(2), in turn, applies to "the case of a defendant who has been sentenced to a *term of imprisonment* based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and allows the federal court to reduce that "term of imprisonment." 18 U.S.C. § 3582(c)(2) (emphasis added). The phrase "term of imprisonment" does not include time served in state custody. A defendant in federal court has not "been sentenced to" a term in state

custody "based on a sentencing range" under the federal sentencing guidelines. A federal district court does not impose state sentences or reduce state terms of imprisonment.

Heaton argues alternatively that § 1B1.10 is unconstitutional if it limits a sentence reduction to the bottom of the amended guideline range. He asserts that it is irrational for the guidelines to permit a "full" reduction under § 3582(c) for a defendant who serves concurrent sentences in federal custody, but to deny the same reduction to a defendant who served some of his time in state custody. We are not convinced that the Commission's guideline lacks any rational basis. The Commission has observed that prohibiting a reduction below the amended guideline range "promotes conformity with the amended guideline range and avoids undue complexity and litigation." USSG App. C, Amend. 759 (2011). Line-drawing problems are inevitable under the guidelines. As we noted in *Helm*, for example, the policy statement has the effect of treating discharged and undischarged sentences alike in § 3582(c) proceedings, whereas Heaton's approach has prompted objections to a distinction in treatment on that score. *See United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1342-43 (11th Cir. 2017) (Rosenbaum, J., concurring). The Commission might have chosen a more complex system of reductions under which a district court could account for adjustments under § 5G1.3, or even for variances based on hypothetical "good time credit" for time served in state custody. But it is not irrational for the Commission to avoid "undue complexity and litigation" by adopting a uniform limitation tied to the amended guideline range.

For the foregoing reasons, we vacate Heaton's sentence and remand for a resentencing consistent with the limitation that the sentence must not be less than the 110-month minimum of the amended guideline range.

_____