# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1657
_____

United States of America

*Plaintiff - Appellee*

v.

Juan Nava

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 9, 2020
Filed: March 26, 2020
[Unpublished]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2009 Juan Nava pleaded guilty to conspiring to distribute methamphetamine, and he was sentenced to 210 months' imprisonment—the bottom of his recommended Sentencing Guidelines range of 210–262 months. The sentence was then reduced by

36.5 months under USSG § 5G1.3(b) for time he had already served in state custody on related charges, resulting in a sentence of 173.5 months.

Years later Nava moved to reduce his sentence under Amendment 782 to the Guidelines, which lowered recommended sentences for those convicted of many drug crimes. Federal law allows "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" to receive a reduction in his prison term "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court[1] resentenced Nava to 168 months in prison, which was the bottom of his amended range of 168–210 months. Nava moved the district court to reconsider and reduce his sentence by 36.5 months to mirror the reduction he received under § 5G1.3(b) at his original sentencing. The district court denied the motion.

Nava appeals, arguing that the district court erred when it failed to apply the § 5G1.3(b) adjustment. The relevant Guidelines policy statement provides that, with one exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). The district court here sentenced Nava to the minimum term of the amended guideline range, so if the court applied the § 5G1.3(b) adjustment, it would have sentenced Nava to a term below the amended guideline range. The issue, therefore, is whether the court should have applied the adjustment even though the policy statement precludes sentences below the amended range.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

Nava's argument is unavailing because our court has held at least three times that § 5G1.3(b) adjustments cannot result in a sentence below the amended guideline range in a § 3582(c)(2) proceeding. *See United States v. Heaton*, 918 F.3d 598, 600 (8th Cir. 2019); *United States v. Helm*, 891 F.3d 740, 744 (8th Cir. 2018); *United States v. White*, 859 F.3d 569, 572 (8th Cir. 2017). These decisions bind us. *See United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020).

Nava maintains that these authorities do not bind us because an earlier authority, *United States v. Harris*, 574 F.3d 971, 972–73 (8th Cir. 2009), recognized that in § 3582(c)(2) proceedings, which are not full resentencings, a district court calculates only the amended guideline range and leaves all other guideline application decisions unaffected. He contends that the district court should have therefore applied the § 5G1.3(b) adjustment since that adjustment applied at the original sentencing. Nava points out that the Supreme Court has recognized this principle as well. *See Dillon v. United States*, 560 U.S. 817, 831 (2010). Nava therefore maintains that *Heaton*, *Helm*, and *White* do not control this case because they conflict with *Harris* and *Dillon*.

We see no incompatibility between the principle adverted to in *Harris* and *Dillon* and the holdings in *Heaton*, *Helm*, and *White*. The directive to "leave all other guideline application decisions unaffected" controls the district court's calculation of the amended guideline range. *See* USSG § 1B1.10(b)(1). But as we explained in *Heaton*, "Section 5G1.3(b) does not enter into the calculation of an amended guideline range." 918 F.3d at 600. In other words, a § 5G1.3(b) adjustment is not a decision that must remain unaffected. We therefore sense no conflict in the cases that would prevent *Heaton*, *Helm*, and *White* from applying here.

Affirmed.

_____