# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1302
_____

United States of America

*Plaintiff - Appellee*

v.

Brady Austin Rogers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: July 19, 2024
Filed: July 24, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Brady Austin Rogers appeals the 92-month sentence the district court[1] imposed after sua sponte granting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 821. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

Rogers's counsel, who has moved for leave to withdraw, filed a brief arguing that the district court erred by not varying downward from the amended Guidelines range as it did at Rogers's initial sentencing. In a pro se supplemental brief, Rogers challenges the fairness of Amendment 821 as applied to defendants, such as himself, who had no prior opportunity to provide substantial assistance to the government.

Upon careful review, this court finds no error in the sentence reduction the district court granted. *See United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017) (standard of review).

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). *Accord United States v. Helm*, 891 F.3d 740, 742 (8th Cir. 2018) (noting § 3582(c)(2) requires that any reduction "be consistent with applicable policy statements issued by the Sentencing Commission"). Rogers's reduced sentence fell at the bottom of the amended Guidelines range. By the language in § 3582(c)(2), Congress limited the district court's discretion to grant a variance reducing Rogers's sentence below what U.S.S.G. § 1B1.10 allows. *See* U.S.S.G. § 1B1.10(b)(2)(A), (b)(2)(B), (d) (providing that any reduction may not be below amended Guidelines range unless initial below-Guidelines sentence reflected defendant's substantial assistance).

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____