# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3734
_____

United States of America

*Plaintiff - Appellee*

v.

Paul Joseph Winnick

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 11, 2019
Filed: April 1, 2020

_____

Before SMITH, Chief Judge, GRASZ and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Paul Winnick appeals his 336-month sentence for producing child pornography. His main argument is that the district court failed to give him full credit for the time he served on related state charges. *See* U.S.S.G. § 5G1.3. Because we agree, we vacate and remand for resentencing.

## I.

Winnick is a serial sex offender. About four years ago, he pleaded guilty in three state-court cases to various charges arising out of the production and possession of child pornography. The first case resulted in a 100-month prison sentence for using three children from his neighborhood—called minors A, B, and C in court documents—to produce child pornography. In the second case, he received a *concurrent* 15-month sentence for possessing an illicit video of his daughter. Finally, he was given a *consecutive* 45-month sentence in the third case for possessing over 300 videos and photos containing child pornography.

It was against this backdrop that the district court sentenced Winnick on *federal* charges of producing child pornography depicting minors A, B, and C. The district court initially calculated an unadjusted Guidelines sentence of 1,080 months (the statutory maximum of 360 months on each individual count × 3 counts). 18 U.S.C. § 2251(e). After considering the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), the court varied downward to 348 months. Winnick requested a downward adjustment for the 36 months and 13 days that he had already spent in custody on the state charges. The district court granted an adjustment, but only for the 12 months he had served following "the initiation of his federal case."

Winnick claims that he should have received more. His position is that he was entitled to a downward adjustment for the entire 36 months and 13 days that he spent in custody. *See* U.S.S.G. § 5G1.3. The government's position is that the amount of the adjustment was totally up to the district court.

## II.

The central issue on appeal is the size of the adjustment. The district court purported to rely on U.S.S.G. § 5G1.3, which explains how to treat an undischarged term of imprisonment when calculating a federal sentence. Whether the court

applied this provision correctly is a question of law that we review de novo. *See United States v. Ardolf*, 683 F.3d 894, 900 (8th Cir. 2012).

Applying section 5G1.3 to an undischarged state sentence involves four steps. The first step requires the district court to examine a defendant's sentencing history to determine whether any time spent in custody "resulted from . . . relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b). If it did not, then no adjustment is necessary. U.S.S.G. § 5G1.3 cmt. n.2(A); *see United States v. Burch*, 406 F.3d 1027, 1030 (8th Cir. 2005). If it did, then the court must move on to the remaining steps. *See* U.S.S.G. § 1B1.3 (defining relevant conduct).

In this case, there is no dispute about two points. The first is that the 100-month sentence from the first state case was for relevant conduct. Winnick's federal prosecution involved the same acts with the same victims (minors A, B, and C) on the same days. *See* U.S.S.G. § 1B1.3(a)(1) (stating that relevant conduct includes "acts . . . that occurred during the commission of" the federal offense). The second is that, by the time of his federal sentencing, he had already served 36 months and 13 days in custody for his state crimes.

From there, the parties do not agree on much. The government's position is that the record is silent on "what sentences [Winnick] was serving when." Oral Arg. at 12:07–12:12. Winnick's view, which is consistent with the information in the presentence investigation report, is that: (1) during the first 15 months, he served concurrent sentences in the first and second cases, only the former of which involved relevant conduct; and (2) for the remaining 21 months and 13 days, he was serving a sentence only in the first case.[1] The district court, for its part, did not make any

---

[1]We deny Winnick's motion to file a supplemental brief, which raises a new argument: whether the district court should have given him the full 36-month-and-13-day adjustment to account for a delay in his federal prosecution. *See United States v. Owen*, 854 F.3d 536, 541 n.5 (8th Cir. 2017) (explaining that issues not

findings on the order in which Winnick served his state sentences. So on remand, the court will need to sort out who is right.

At the second step, the adjustments begin. For time already spent in custody for *solely* relevant conduct, the sentence "shall" be adjusted downward, unless the Bureau of Prisons will otherwise credit it. U.S.S.G. § 5G1.3(b)(1); *see id.* § 5G1.3 cmt. n.2(A) (noting that section 5G1.3(b) applies when "*all* of the prior offense is relevant conduct" (emphasis added)). Here, assuming that Winnick will not receive credit from the Bureau of Prisons[2] and that the information in the presentence investigation report is correct, he would be entitled under this step to a 21-month-and-13-day downward adjustment in his federal sentence.

The third step is to decide what to do with time spent in custody for solely *non*-relevant conduct or a mixture of relevant and non-relevant conduct. At this step, the district court has a choice about whether to give credit. *See id.* § 5G1.3(d); *United States v. Bauer*, 626 F.3d 406, 408–09 (8th Cir. 2010). For Winnick, who may have spent 15 months in custody for *both* cases 1 and 2, this means the district court may, but is not required to, depart downward by some or all of the 15 months to "achieve a reasonable punishment" for the federal offense. U.S.S.G. § 5G1.3 cmt. n.4(D)–(E).

The fourth and final step lies totally within the discretion of the district court. After the calculations in section 5G1.3 are complete, a district court may vary

_____

raised in a party's opening brief are forfeited); Fed. R. App. P. 28(c) (prohibiting the filing of post-reply briefs, except as permitted by the court).

[2]We assume, because no one has argued otherwise, that the Bureau of Prisons will not give credit for any of the time Winnick previously spent in prison, *see* U.S.S.G. § 5G1.3(b)(1), but this is an issue for the district court to straighten out on remand.

upward or downward.  *See United States v. Carter*, 652 F.3d 894, 896–97 (8th Cir. 2011).  Only then does it arrive at the final sentence.

The government suggests that the district court was simply exercising its discretion when it limited Winnick's adjustment to twelve months.  Its theory is that, even though it appears that the district court never correctly adjusted his sentence downward at steps two and three, we should just assume that it did and that it varied upward from there.  This is too big of a leap for us to make.

The reason, of course, is that the district court said that it was applying section 5G1.3, but then what it did bore little resemblance to what section 5G1.3 requires. Rather than making the adjustments it should have, it simply announced a limitation that is nowhere to be found in the text of section 5G1.3 or its application notes: Winnick could only receive credit for the time he served after the initiation of his federal case.  This leaves us uncertain about exactly how the court arrived at Winnick's final sentence.  Under these circumstances, a remand is necessary to allow the district court to clarify its reasoning.

## III.

Winnick challenges his sentence on other grounds, but none has merit.  He first claims that he should not have received an enhancement for engaging in a "pattern" of sexual exploitation.  U.S.S.G. § 4B1.5(b).  As defense counsel conceded before the district court, however, the enhancement applies under the facts of this case because Winnick created child pornography on multiple, separate occasions. *See United States v. Bevins*, 848 F.3d 835, 839 (8th Cir. 2017).  He also argues that the district court ignored several mitigating factors, but our review of the record reveals otherwise.  The district court "consider[ed] [Winnick's] mitigation arguments" and "even lowered" his sentence.  *United States v. Kay*, 717 F.3d 659,

663–64 (8th Cir. 2013). He is not entitled to anything more. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).[3]

IV.

We remand for the district court to reconsider Winnick's sentence in light of U.S.S.G. § 5G1.3.

_____

---

[3]Winnick also challenges the substantive reasonableness of his sentence. Given that his adjusted sentence may be different on remand and that the district court may then vary upward or downward from it, it is premature to address the substantive reasonableness of a sentence that he has yet to receive. *See United States v. Robinson*, 639 F.3d 489, 498 n.4 (8th Cir. 2011).