# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3597

_____

United States of America,

*Plaintiff - Appellee,*

v.

Tyrone James Nelson,

*Defendant - Appellant.*

_____

No. 19-3686

_____

United States of America,

*Plaintiff - Appellee,*

v.

Robert Dontell Sykes,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the District of Minnesota

_____

Submitted: September 21, 2020
Filed: December 16, 2020
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Tyrone Nelson and Robert Sykes pleaded guilty to conspiring to distribute heroin. Both men were serving state sentences at the time of their convictions. The district court[1] sentenced Nelson to 77 months' imprisonment and Sykes to 60 months' imprisonment. The court provided that each federal sentence would run partially concurrent with the undischarged term of the respective defendant's state sentences. Nelson and Sykes appeal their sentences, and we affirm.

I.

Nelson and Sykes conspired to distribute heroin in Minnesota. Nelson made several distributions to a government informant before he was arrested on state charges in May 2018. Sykes continued to distribute heroin after Nelson's arrest. He was arrested on state drug charges in June 2018. In February 2019, a federal grand jury charged Nelson and Sykes with committing the federal drug conspiracy offense.

Nelson pleaded guilty to a charge of conspiracy to distribute 100 grams or more of heroin. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The government agreed to recommend a sentence fully concurrent to his undischarged terms of imprisonment in Minnesota. Sykes pleaded guilty to the same charge. The government also agreed

_____

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

-2-

to recommend a federal sentence that would be concurrent to an undischarged term that Sykes was serving in Wisconsin.

The district court did not accept the joint recommendations on concurrent sentencing. The court sentenced Nelson to 77 months of imprisonment, but ordered 20 months to run concurrently with the 31 months remaining on his undischarged Minnesota sentences for assault, unlawful possession of a firearm, and drug possession. On December 4, 2019, the court sentenced Sykes to 60 months of imprisonment, to commence on the earlier of March 11, 2021, or his release from the undischarged Wisconsin sentence. Both federal sentences were within the applicable advisory guideline range.

II.

A.

Nelson first argues that the district court incorrectly applied USSG § 5G1.3, which guides the imposition of a sentence on a defendant who is subject to an undischarged state term of imprisonment. Nelson complains that the court erred in two ways: by failing to adjust his sentence downward to account for his prior imprisonment for a state conviction, and by failing to make his sentence fully concurrent with his undischarged terms of imprisonment for three state convictions. We review the district court's interpretation and application of the guidelines *de novo*. *United States v. Bauer*, 626 F.3d 406, 408 (8th Cir. 2010).

Section 5G1.3 provides guidance that varies depending on whether a defendant's time served in state custody is, or will be, for conduct that is "relevant" to the instant federal offense. With respect to a drug trafficking conspiracy, relevant conduct includes certain acts or omissions in furtherance of the jointly undertaken activity. USSG § 1B1.3(a)(1)(B). Nelson's possession of heroin that resulted in one

of his state convictions was relevant conduct with respect to the federal conspiracy to distribute heroin.

"For time already spent in custody for *solely* relevant conduct" to the instant federal offense, the district court must adjust a sentence downward to account for time served, unless the Bureau of Prisons would otherwise credit that time to the defendant. *United States v. Winnick*, 954 F.3d 1103, 1105 (8th Cir. 2020); *see* USSG § 5G1.3(b)(1). Where the remaining undischarged term of state imprisonment is for relevant conduct, the court also must impose the federal sentence "to run concurrently to the remainder of the undischarged term." USSG § 5G1.3(b)(2). But where an undischarged term is based on conduct that is not relevant conduct to the federal offense, the federal sentence "may be imposed to run concurrently, partially concurrently, or consecutively" to the undischarged term "to achieve a reasonable punishment for the instant offense." *Id*. § 5G1.3(d).

In "complex situations," where a defendant is "subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules," the court "may exercise its discretion in accordance with subsection (d) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment." USSG § 5G1.3, comment. (n.4(D)); *see Bauer*, 626 F.3d at 408-09. Thus, where a defendant will serve time in state custody for convictions that were based on both relevant and non-relevant conduct, the district court may choose to impose a sentence that runs concurrently, partially concurrently, or consecutively to the undischarged term. USSG § 5G1.3(d); *Winnick*, 954 F.3d at 1105.

At the time of his federal sentencing, Nelson was serving concurrent terms of imprisonment for three state convictions. In 2018, he was convicted of first-degree assault and unlawful possession of a firearm as a convicted felon in Hennepin County, Minnesota. On July 16, 2018, he was sentenced to serve concurrent terms

-4-

of imprisonment of 75 months for the assault charge and 60 months for the firearm possession charge. After his 2018 arrest for heroin trafficking, Nelson was convicted of heroin possession in Minnesota state court. He was sentenced on August 9, 2018, to serve a 30-month state term of imprisonment for the drug offense (less 107 days' credit for time served); the drug sentence was to run concurrent with his state sentences for assault and firearm possession.

When Nelson was sentenced in this federal case, he had about 31 months remaining on his concurrent state sentences, with about 11 months to go on his drug possession sentence. Stated differently, he had served about 19 months of his 30-month concurrent term for drug possession.

Nelson argues that the court was required to adjust his sentence under USSG § 5G1.3(b) based on time served in state custody for drug possession, because that conviction was for relevant conduct to the federal drug trafficking conspiracy. Nelson thus contends that the court should have credited 19 months of time served against his federal sentence. On his view, the resulting federal sentence should have been 58 months (rather than 77 months) with only 11 months running concurrent to the state sentences (rather than 20 months). Nelson asserts that it was "impossible" for the district court to order a concurrent sentence of 20 months when only 11 months remained in the term for his state drug offense.

We reject these contentions because Nelson's service of 19 months in state custody was not attributable solely to an offense that was relevant conduct to the federal drug conspiracy. Nelson was also serving concurrent sentences for offenses that involved non-relevant conduct—assault and firearm possession. A sentence for solely relevant conduct would be governed by § 5G1.3(b), but a term for non-relevant conduct or a mixture of relevant and non-relevant conduct is covered by § 5G1.3(d). Because § 5G1.3(b) did not apply, Nelson was not entitled to an adjustment of 19 months under that provision. And because Nelson was "subject to multiple

-5-

undischarged terms of imprisonment that seemingly call for the application of different rules," this was a "complex" case in which the court had discretion to impose a sentence concurrently, partially concurrently, or consecutively. USSG § 5G1.3, comment. (n.4(D)); *see Bauer*, 626 F.3d at 408-09. Accordingly, the district court did not misapply § 5G1.3 and was not required to reduce Nelson's sentence or to impose a fully concurrent sentence.

Nelson argues that this court's decision in *Winnick* is indistinguishable and requires a remand. In *Winnick*, however, the defendant had served time in state custody for *solely* relevant conduct, yet the record did not show that the district court had properly adjusted his sentence under § 5G1.3(b) for that time served. 954 F.3d at 1105-06. This court thus concluded that a remand was necessary for the district court to clarify its reasoning. *Id.* at 1106. By contrast, Nelson did not serve any time in state custody that was solely for relevant conduct in the federal case. All of the time that he served in state custody was for a mixture of relevant and non-relevant conduct, so the district court had discretion whether to give credit for that time when imposing the federal sentence. *See id.* at 1105. Because Nelson had a total of 31 months left to serve on his concurrent state sentences, the district court's decision to make 20 months of his federal sentence concurrent was neither "impossible" nor erroneous.

Nelson also argues that the district court committed a significant procedural error by failing to explain adequately its decision on concurrent sentencing. The court, however, expressed "concern about ordering that his federal sentence run concurrently to his state assault conviction that is separate from his offense conduct here." The court then heard from both parties about their concurrency recommendations, including argument from Nelson that § 5G1.3(d) should apply to his state sentences that were based on non-relevant conduct. Although the court did not specifically address how it applied § 5G1.3 to Nelson's prior sentences, a partially concurrent sentence was within the court's discretion in a "complex" situation under

§ 5G1.3(d).  The district court addressed at length the sentencing factors under 18 U.S.C. § 3553(a), and the reasons given were sufficient to explain the court's exercise of discretion on the question of concurrent sentencing.

B.

Nelson also contends that the district court imposed a substantively unreasonable sentence.  He asserts that the court did not give sufficient weight to his remorse and acceptance of responsibility, his history of addiction and financial desperation, his ability to remain employed and sober, and the need to avoid unwarranted sentencing disparities.  We apply a deferential abuse-of-discretion standard of review, *Gall v. United States*, 552 U.S. 38, 51 (2007), and presume that a sentence within the advisory guideline range is reasonable. *United States v. Outlaw*, 946 F.3d 1015, 1020 (8th Cir. 2020); *see Rita v. United States*, 551 U.S. 338, 347 (2007).  "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007).

We conclude that the district court did not abuse its discretion.  Nelson's advisory guideline range was 77 to 96 months, and the court imposed a sentence at the bottom of the range.  The court addressed most of the circumstances on which Nelson now relies, and we presume that the court considered other points on which it heard argument. *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009).  The court also discussed Nelson's need for care and treatment, his long history of criminal activity, and the seriousness of his conduct in trafficking heroin to a "marginalized and . . . vulnerable population."  The sentencing court has wide latitude to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others.

*United States v. Johnson*, 916 F.3d 701, 703 (8th Cir. 2019).  There was no abuse of discretion in selecting a sentence at the bottom of the advisory range.

## III.

In his appeal, Sykes argues that the district court abused its discretion by making his federal sentence of 60 months' imprisonment partially concurrent, rather than fully concurrent, to his undischarged term of state custody.  He does not challenge the length of his sentence, but claims that the concurrency decision is substantively unreasonable.  If a defendant is "already subject to an undischarged term of imprisonment," then the district court may choose whether to impose a sentence "concurrently or consecutively," and must consider the factors under 18 U.S.C. § 3553(a) in making this decision.  18 U.S.C. § 3584(a)-(b).  We review a district court's decision to impose a consecutive or concurrent sentence for reasonableness, *United States v. Winston*, 456 F.3d 861, 867 (8th Cir. 2006), and we apply the same deferential abuse-of-discretion standard that governs a reasonableness determination under § 3553(a).  *See United States v. Baskin*, 878 F.3d 1106, 1108 (8th Cir. 2018).

In 1994, Sykes was convicted of armed robbery and second-degree reckless homicide in Wisconsin.  After those convictions were vacated in 2015, he pleaded guilty to armed robbery and two lesser counts of reckless homicide.  The state court re-sentenced Sykes to ten years of imprisonment on each homicide count, which had been fully served since 1994.  The state court also imposed a sentence of seventeen years' imprisonment for the armed robbery, but stayed execution of the sentence and placed Sykes on probation for a term of nine years.  Sykes twice violated the conditions of probation and served additional prison terms in 2017 and 2018.  He was last released from state custody on March 29, 2018. Sykes was arrested in Minnesota in June 2018 for drug possession.  While awaiting trial in Minnesota, he was returned

to Wisconsin for violating his probation yet again. He is next eligible for parole in Wisconsin on March 11, 2021.

The court declined to run the federal sentence concurrent with the remaining state sentence. Instead, the court provided in December 2019 that the federal sentence would commence on the earlier of March 11, 2021, or Sykes's release from the undischarged Wisconsin sentence. Sykes argues that the district court did not adequately assess or evaluate certain factors that he raised in favor of a fully concurrent sentence. He cites his poor physical and mental health, the time he spent in Minnesota custody before his federal indictment, the indeterminate nature of his Wisconsin sentence, and the fact that a statutory minimum sentence exceeded the otherwise-applicable advisory guideline range.

We conclude that the court did not abuse its discretion. The court explained that in making the concurrency determination, it had considered Sykes's "difficult" upbringing, his "significant addiction and health issues," and the difficulty of calculating a "definitive concurrency determination" because of Sykes's uncertain release date in Wisconsin. But the court also weighed the seriousness of Sykes's offense conduct, which occurred shortly after he was released from prison, and the lack of "respect for the law or a genuine recognition of . . . pain and trauma" that his conduct displayed. The court considered Sykes's arguments for running his federal sentence entirely concurrent to the remaining term in Wisconsin, but properly recognized "the absence of any connection" between the offense conduct underlying the Wisconsin conviction and the drug trafficking conspiracy for which Sykes was sentenced in federal court. There were reasonable grounds for the court to conclude that the federal term of imprisonment should not commence until Sykes served additional time in state custody. The court's choice of a partially concurrent sentence was within the permissible range of discretion.

\*       \*       \*

The judgments of the district court are affirmed.

_____