# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2477

_____

United States of America

*Plaintiff - Appellee*

v.

Jalen Keevon Jackson-Bundy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 12, 2022
Filed: October 17, 2022
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jalen Keevon Jackson-Bundy appeals after he pled guilty to drug and firearm offenses. The district court[1] imposed an aggregate prison sentence to run

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

consecutively to several undischarged state sentences. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In counseled and pro se briefs, Jackson-Bundy argues that the district court erred in running his federal sentence consecutively to the undischarged state sentences. The district court did not abuse its discretion in ordering Jackson-Bundy's federal sentence to run consecutively to his undischarged state sentences. *See United States v. Nelson*, 982 F.3d 1141, 1146 (8th Cir. 2020) (standard of review). The record reflects that the court considered the 18 U.S.C. § 3553(a) factors, the record, and Jackson-Bundy's argument in favor of running his federal sentence concurrently; and exercised its discretion to order that the sentence run consecutively. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008) (district court has "wide discretion" to order sentence to be served consecutively to undischarged sentence); *see also United States v. Hall*, 825 F.3d 373, 376 (8th Cir. 2016) (no abuse of discretion where district court considered § 3553(a) factors and recognized its discretion to run sentences concurrently but declined to do so).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____