# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-1745

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas E. Johnson, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 9, 2023
Filed: March 2, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Law enforcement found Thomas E. Johnson nonresponsive in a car accident. In the car, they found marijuana, crack cocaine, a loaded firearm, and over $4,000. He pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, over Johnson's objection, the district

court[1] increased his offense level by four levels for possessing a gun "in connection with" a felony drug offense. *See* U.S.S.G. § 2K2.l(b)(6)(B). The district court sentenced him to 57 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Johnson contests the district court's application of the sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a gun in connection with a felony drug offense. This court reviews for clear error. *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020) ("This court reviews for clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense."). A defendant possesses a gun in connection with a felony drug offense if the gun "facilitated, or had the potential of facilitating" the drug offense. U.S.S.G. § 2K2.1(b)(6)(B), cmt. 14(A).

Johnson argues the enhancement was improper because his drug offenses were not trafficking offenses, and the government failed to establish the firearm facilitated or had the potential of facilitating another felony offense. But this court "repeatedly" has held that "a defendant's possession of a firearm with a personal-use amount of illegal drugs can meet [the facilitate] standard." *United States v. Quinn*, 812 F.3d 694, 700 (8th Cir. 2019).

Johnson also contests the enhancement arguing the court failed to make a "facilitate" finding, and more than just proximity between the firearm and the controlled substances is necessary. At sentencing, the court stated it had reviewed Johnson's argument and the *Walker* case he cited. *See United States v. Walker*, 900 F.3d 995, 998 (8th Cir. 2018) (holding that the "enhancement is improper when the government's only evidence is a generalized connection between a gun and a user

---

[1]The Honorable Robert F. Rossiter, Chief Judge, United States District Court for the District of Nebraska.

quantity of drugs"). Even though the court did not make a specific finding that the gun facilitated the drug offense, the court's discussion of Johnson's objection and the *Walker* case shows the court understood the standard and properly applied it. *See Mitchell*, 963 F.3d at 732 ("If the record makes clear the district court understood and properly applied the 'facilitate' standard of note 14(A) in finding possession of a firearm in connection with a felony drug offense, there is no error of law." (cleaned up)). *See also United States v. Two Hearts*, 32 F. 4th 659, 666 (8th Cir. 2022) (stating this court has "never reversed a § 2K2.1(b)(6)(B) enhancement merely because a specific 'facilitate' finding was not made").

The court did not clearly err in applying the enhancement. *United States v. Bullock*, 35 F.4th 666, 670 (8th Cir. 2022) ("This standard may be met when a defendant concurrently possesses drugs and a firearm while in public, like in a car, because when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." (cleaned up)).

## II.

Johnson asserts the court substantively erred in imposing his within-guidelines sentence. This court reviews for abuse of discretion. *United States v. Nelson*, 982 F.3d 1141, 1146 (8th Cir. 2020). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Johnson believes the court should have granted his request for a variance because of his family, mental state, and medical conditions. The court stated, "I have taken into consideration those things that [Johnson] asked for in terms of variance." The court reviewed the § 3553(a) factors, which was why it sentenced him at the "low end instead of the high end" of the guidelines. The district court did not abuse its discretion. *See United States v. San-Miguel*, 634 F.3d 471, 476 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____