# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1963
_____

United States of America

*Plaintiff - Appellee*

v.

Raymond Craig

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 10, 2023
Filed: May 18, 2023
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Raymond Craig appeals his sentences, arguing that the district court[1] should have ordered that they run concurrently with an undischarged term of imprisonment imposed by a different court. In 2018, Craig participated in a string of robberies

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

organized by a gang in Indianapolis. On June 21, Craig robbed a CVS Pharmacy in Jonesboro, Arkansas, and CC Food Mart in Greenville, Illinois. In Jonesboro, Craig zip tied the cashier's hands while another person threatened the cashier with a gun, and in Greenville, Craig appeared to try to buy cigars and then left before another person entered and robbed the store. That same day, the leader of the conspiracy messaged someone in Craig's car to rob five other pharmacies, including one in Jefferson City, Missouri. On July 25, Craig and two others robbed a Walgreens in Jefferson City.

For the Jefferson City robbery, Craig pleaded guilty in the Western District of Missouri to interference with commerce and brandishing a firearm, *see* 18 U.S.C. §§ 1951(a), 924(c)(1)(A)(ii), and had been sentenced to 135 months' imprisonment. He faced similar § 1951(a) charges for the two June robberies in the judicial districts where they occurred—the Eastern District of Arkansas and the Southern District of Illinois. After his Illinois case was transferred to the Eastern District of Arkansas, *see* Fed. R. Crim. P. 20(a), Craig pleaded guilty to one count of interference with commerce in each case. With a total offense level of 24 and a criminal-history category of II, his advisory sentencing guidelines range was 57 to 71 months' imprisonment for each offense.

Craig requested that his sentences for the June robberies run concurrently with his sentence for the July robbery, claiming that the July robbery is relevant conduct to the June robberies under U.S.S.G. § 5G1.3(b). That guidelines section requires the sentence for an offense to run concurrently with an undischarged term of imprisonment that "resulted from another offense that is relevant conduct to the instant offense of conviction." *Id.*; *see* U.S.S.G. § 1B1.3. However, the district court found that the July robbery is not relevant conduct and otherwise declined to exercise its discretion under 18 U.S.C. § 3584 to run the sentences for the June robberies concurrently with the sentence for the July robbery. The court reasoned that running the sentences concurrently would allow Craig "to get freebies on crimes that are 30 days apart from each other."

The district court then considered the 18 U.S.C. § 3553(a) factors "specifically as to each particular count" and "wholistically to make sure I don't feel like what I have given you on each specific count adds up to more time than you should get."  The court did not think the statutory maximum would be appropriate given Craig's prior sentence for the July robbery.  It concluded that the "right number overall," taking into account his previous sentence, was 99 months' imprisonment to run consecutively with the 135-month sentence previously imposed—71 months for the Jonesboro robbery and 28 months for the Greenville robbery.  The court varied downward to 28 months for the Greenville robbery because Craig was not inside the store when the robbery occurred.  The court also indicated that, even if its relevant-conduct determination was wrong, upon resentencing it would "re jigger[]" each sentence to create the same cumulative sentence because it "look[s] at this wholistically."

We review *de novo* whether the district court properly applied § 5G1.3. *United States v. Winnick*, 954 F.3d 1103, 1104 (8th Cir. 2020).  Craig argues that the district court procedurally erred by failing to consider the July robbery as relevant conduct to the June offenses.  But even if the district court erred, the error is harmless if it did not affect the court's sentencing conclusion.  *See* Fed. R. Crim. P. 52(a); *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019).  Here, the district court made sufficiently clear that it would have imposed the same cumulative sentence whether the sentences were concurrent or consecutive:  the court clearly declined to exercise its discretion to run the sentences concurrently with the sentence for the July robbery, determined "the right number overall," considered the sentences "wholistically," and said it would "re jigger[]" each sentence if its relevant-conduct determination was wrong.  We therefore find that any error was harmless and affirm Craig's sentences.

_____