# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3654
_____

United States of America,

*Plaintiff - Appellee,*

v.

Jerell Haynie, also known as Bottie, also known as "T",

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: March 14, 2023
Filed: August 2, 2023
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

A jury convicted Jerell Haynie of a conspiracy under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(d), based on his involvement with the Crips street gang. This court affirmed Haynie's conviction, but remanded for resentencing. *United States v. Haynie*, 8 F.4th 801, 807 (8th Cir. 2021).

On remand, the district court[*] imposed a sentence of 71 months' imprisonment. Haynie appeals the sentence, and we affirm.

The principal dispute on appeal concerns whether the district court erred by failing to account for a term of imprisonment that Haynie served in Nebraska for state drug offenses that were committed in the course of the RICO conspiracy. In July 2012, Haynie pleaded guilty in Douglas County District Court to possessing crack cocaine on November 25, 2011. The state court allowed Haynie to enter a county drug court program instead of state prison. Within several months, however, Haynie was selling crack cocaine, and the state court terminated his participation in the drug court program. Haynie began serving a state prison sentence in June 2013. In May 2014, he pleaded guilty to selling crack cocaine on December 11 and December 18, 2012. In June 2017, while Haynie was incarcerated in Nebraska, a federal grand jury charged him with committing federal offenses.

The indictment charged Haynie with conspiring to violate RICO through a pattern of racketeering activity as part of an "enterprise," namely, the Crips street gang. The indictment alleged that Haynie committed several acts of racketeering activity, including distribution of crack cocaine between August 2011 and May 2013, one particular possession with intent to distribute crack cocaine on November 25, 2011, and two attempted shootings of suspected informants in 2008 and 2012, respectively. The indictment also charged Haynie with committing three other offenses related to one attempted shooting.

A jury found Haynie guilty of the RICO conspiracy but acquitted him on the other counts. On remand from the first appeal, the district court calculated an advisory guideline range of 57 to 71 months' imprisonment. Haynie argued for a

---

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

sentence below the advisory range based in part on the fact that he served time in Nebraska prison for state drug offenses. The district court rejected the argument, and sentenced Haynie to 71 months' imprisonment.

Haynie argues that the district court should have adjusted his sentence downward based on USSG § 5G1.3(b) to account for his service of time in Nebraska on drug charges. Section 5G1.3 governs the imposition of a sentence on a defendant who is "subject to an undischarged term of imprisonment." When the term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction," a district court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment." USSG § 5G1.3(b)(1). At the time of Haynie's resentencing, however, he had completed his state sentence, and was not "subject to an undischarged term of imprisonment." Section 5G1.3(b) was thus not applicable. *United States v. Fisher*, 25 F.4th 1080, 1086 (8th Cir. 2022).

Haynie also suggests that he was entitled to a downward departure based on the commentary to USSG § 2E1.1. Section 2E1.1 provides that the base offense level for a RICO offense is 19, unless the offense level applicable to the underlying racketeering activity is greater. The district court determined the minimum offense level of 19 for Haynie. Application note 4 to § 2E1.1 explains that where conduct charged in the federal conspiracy previously resulted in a sentence in state court, the district court sometimes should treat the conduct as a prior sentence for purposes of criminal history and not part of the instant offense. "If this treatment produces an anomalous result in a particular case, a guideline departure may be warranted." *Id*.

One of Haynie's prior drug offenses in Nebraska—the possession of crack cocaine on November 25, 2011—was treated as a prior sentence in this federal case. Haynie does not explain why treating the prior drug conduct as criminal history rather than as offense conduct leads to an "anomalous" result here, and the district court's

refusal to grant a downward departure on that basis is not reviewable in any event. *United States v. Dixon*, 650 F.3d 1080, 1084 (8th Cir. 2011); *see United States v. Clark*, 28 F. App'x 34, 36 (2d Cir. 2001).

Haynie also contends that his sentence of 71 months' imprisonment was unreasonable under 18 U.S.C. § 3553(a), because he "has now been sentenced in state and federal court for essentially the same criminal conduct." The district court found, however, that during the course of the racketeering conspiracy, Haynie participated in two attempted shootings in addition to distributing crack cocaine. The court determined that while Haynie had been punished in Nebraska for certain drug trafficking and associated violence, he had "not been held directly accountable for the violent criminal conduct" that was part of the racketeering conspiracy in this case. Therefore, the court declined to vary downward from the advisory range. The court did allow Haynie to receive "some credit for the time that he was doing in state court" by ordering concurrent state and federal sentences at the original sentencing. This balancing of the various considerations reasonably punished Haynie for the federal offense, including for conduct that was not part of the state offenses. The sentencing decision was not an abuse of discretion.

In a *pro se* filing, Haynie argues that his sentence of 71 months' imprisonment is unreasonable because the court took away "credit" that he received at the original sentencing. This argument misunderstands the net effect of the two proceedings. The court originally sentenced Haynie to 84 months' imprisonment, but effectively gave Haynie "credit" for the eleven-month period from July 2018 through May 2019 when he was serving federal and state sentences concurrently. The incremental punishment for the federal offense originally was 73 months' imprisonment. On remand, the state sentence had been discharged, and the court imposed only 71 months' imprisonment for the federal offense. Haynie thus received a lesser net punishment after the remand, and he did not lose any "credit" for time served in state custody.

The judgment of the district court is affirmed.

_____