# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1954
_____

United States of America

*Plaintiff - Appellee*

v.

Alfonso Devon McKenzie

*Defendant - Appellant -*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: January 13, 2023
Filed: August 17, 2023
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

MELLOY, Circuit Judge.

The district court sentenced Alfonso Devon McKenzie to 30 months of imprisonment after McKenzie pled guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). McKenzie appeals arguing the district court incorrectly applied U.S.S.G. § 5G1.3(b) by failing to account for time he had served in Florida for a related state offense. Because the district court did not reduce the

sentence after finding the time served in Florida was for relevant conduct, we vacate and remand for clarification.

I.

In 2005, Florida sentenced McKenzie to a crime that required him to register as a sex offender. In August 2020, McKenzie was arrested in Florida for failing to comply with sex offender reporting requirements. He did not stay in custody after being arrested. In January 2021, McKenzie moved to South Dakota. He failed to register with South Dakota. Instead, he falsely re-registered as a sex offender in Florida. That February, South Dakota police arrested McKenzie for several state law crimes, including failure to register as a sex offender. On March 2, South Dakota officials notified Florida of the arrest. On March 9, South Dakota dismissed the charges, but McKenzie remained in the custody of South Dakota pursuant to an arrest prior to request for extradition. On March 19, Florida arrested McKenzie for failure to comply with sex offender reporting requirements. In July, a federal grand jury in the District of South Dakota indicted McKenzie for failure to register as a sex offender. In October, a Florida state court sentenced McKenzie to a combined 40 months for convictions related to the 2020 and 2021 failures to register.

In January 2022, McKenzie pled guilty to failure to register as a sex offender in the District of South Dakota. The district court sentenced him to 30 months of imprisonment. The district court set the sentence "to run concurrently with the sentence imposed by [the Florida court]." The district court cited U.S.S.G. § 5G1.3(b)(2) as the reason for the sentence to run concurrently. McKenzie objected to the sentence, saying U.S.S.G. § 5G1.3 required "a downward departure based on the time that he has served in Florida that he will not get credit for against his federal sentence." The district court overruled the objection, "leav[ing] those matters to the Bureau of Prisons."

## II.

We review the application of U.S.S.G. § 5G1.3 de novo. United States v. Winnick, 954 F.3d 1103, 1104 (8th Cir. 2020). Although sentencing guidelines provisions typically make adjustments to a sentencing range, § 5G1.3 provides for a change to the implementation of the total sentence of imprisonment.

Section 5G1.3(b) explains how to treat an undischarged term of imprisonment which "resulted from another offense that is relevant conduct to the instant offense" when "such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." If a sentence is being reduced pursuant to § 5G1.3(b):

> [T]he court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (e.g., § 5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to § 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.

U.S.S.G. § 5G1.3 cmt. 2(C).

In Winnick this court laid out four steps for applying section 5G1.3: (1) "determine whether any time spent in custody 'resulted from . . . relevant conduct to the instant offense of conviction'"; (2) adjust the sentence downward "[f]or time already spent in custody for *solely* relevant conduct . . . unless the Bureau of Prisons will otherwise credit it"; (3) determine "what to do with time spent in custody for solely non-relevant conduct or a mixture of relevant and non-relevant conduct. At this step, the district court has a choice about whether to give credit"; and (4) decide whether to grant a discretional variance. Winnick, 954 F.3d at 104–05 (citations omitted).

For the first step, the district court found the actions underlying the Florida conviction qualified as "relevant conduct." For the second step, however, the district

court did not adjust the sentence downward for the time spent in state custody prior to the federal sentence. Rather, the court noted the Bureau of Prisons would calculate any credit. We assume that the Bureau of Prisons will not credit an individual for time already served on a state prison sentence. See id., 954 F.3d at 105, n.2. In such instances, the district court should note the reduction in the judgment to comply with U.S.S.G. § 5G1.3.

The government argues the district court had discretion under the third step in Winnick because the time served in Florida was not for "solely relevant conduct." Instead, the government argues, the time served in Florida was for a mixture of conduct that occurred in both 2020 and 2021. The record does not support the government's argument. Here, the district court specified that the Florida sentence was for relevant conduct. A district court only has discretion under Winnick step three if there is a finding that the time served in state prison was not for "solely relevant conduct."

Because the application of § 5G1.3 did not comply with Winnick, we are left "uncertain about exactly how the court arrived at [McKenzie's] final sentence." Id. at 1106. Therefore, the error was not harmless. Unlike other cases, we do not "have a clear record that the judge intended to impose the same sentence" that would have been imposed with a correct application of § 5G1.3. United States v. Henson, 550 F.3d 739, 742 (8th Cir. 2008). To the contrary, the district court found the issue material to sentencing, noting "[w]ith the sentence that the defendant is looking at in Florida, really the only really important factor here is whether that sentence in South Dakota should be concurrent or consecutive . . . ." Additionally, the district court stated that McKenzie "has been in custody about 175 days, pursuant to the writ" without referencing the seven months McKenzie spent in custody prior to his Florida sentence.

We decline to reach the issue of reasonableness. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005) ("If the sentence was imposed as the result of an incorrect application of the guidelines, we will remand for resentencing as required

by [18 U.S.C. § 3742(a)] without reaching the reasonableness of the resulting sentence in light of § 3553(a).").

## III.

We remand for the district court to clarify the sentence in light of U.S.S.G. § 5G1.3.

_____