# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3292
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Todd Little

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: May 3, 2024
Filed: May 8, 2024
[Unpublished]
_____

Before GRUENDER, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Daniel Little received a 360-month prison sentence after he pleaded guilty to sexually exploiting a child. *See* 18 U.S.C. § 2251(a), (e). An *Anders* brief suggests that the district court[1] abused its discretion by ordering him to serve his federal

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

sentence consecutively to undischarged Iowa sentences arising out of "separate conduct." *See Anders v. California*, 386 U.S. 738 (1967).

We conclude there has been no abuse of discretion. *See United States v. Nelson*, 982 F.3d 1141, 1146 (8th Cir. 2020) (articulating the standard of review). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3584(b), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Ward*, 686 F.3d 879, 884 (8th Cir. 2012) (explaining that the district court has "wide latitude to weigh the . . . factors" and "assign[ing] some factors greater weight than others" does not justify reversal (citation omitted)).

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____