# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1348
_____

United States of America

*Plaintiff - Appellee*

v.

Keylynn Landon Goldsmith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: July 10, 2025
Filed: July 18, 2025
[Unpublished]
_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Keylynn Landon Goldsmith appeals after he pleaded guilty to a firearm offense and escaping from custody, and the district court[1] imposed a prison sentence to run

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

consecutively to an undischarged state sentence. In a counseled brief under Anders v. California, 386 U.S. 738 (1967) and a pro se brief, Goldsmith challenges the decision to impose the sentence consecutively.

Upon careful review, we conclude the district court did not abuse its discretion in imposing the sentence consecutively. See 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d), & comment. (n.4(A)); United States v. Nelson, 982 F.3d 1141, 1144, 1146 (8th Cir. 2020) (standard of review). The district court considered the 18 U.S.C. § 3553(a) factors, the record, and Goldsmith's argument in favor of a partially-concurrent sentence, and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing appropriate factors); see also United States v. Hall, 825 F.3d 373, 376 (8th Cir. 2016) (no abuse of discretion where district court considered § 3553(a) factors and recognized its discretion to run sentences concurrently but declined to do so); United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008) (district court has "wide discretion" to order sentence to be served consecutively to undischarged sentence). To the extent Goldsmith intended in his pro se brief to raise a challenge to the computation of his state sentence, we decline to consider the argument. See Wever v. Lincoln Cnty., Neb., 388 F.3d 601, 608 (8th Cir. 2004) (this court will not consider arguments raised for first time on appeal).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed, counsel's motion to withdraw is granted, and Goldsmith's motion to appoint new counsel is denied as moot.

_____