# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2930
_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Peter Kavanagh

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 18, 2025
Filed: January 7, 2026
_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.
_____

SMITH, Circuit Judge.

Timothy Kavanagh was convicted in district court of being a felon in possession of a firearm following convictions in two separate state courts for a related crime. The district court sentenced Kavanaugh to 151 months' imprisonment to run concurrent to any state sentence. The district court, however, did not reduce Kavanagh's federal sentence by the time he already served in state custody.

Kavanagh now appeals on grounds that the district court did not properly apply the Sentencing Guidelines. We reverse and remand for resentencing.

## I. *Background*

Kavanagh, a convicted felon, along with an accomplice burgled a house in Union County, Iowa, while the owners were away. The pair broke into a large gun safe, stealing numerous firearms and much ammunition. They also stole the homeowner's vehicle from the garage after finding the keys in the house.

Deputies in Madison County identified the vehicle as stolen and initiated a traffic stop. Kavanaugh, the driver, attempted to flee resulting in a chase. He did not go far before he abandoned the vehicle and fled on foot until he was apprehended. After Kavanagh's arrest, deputies found 11 firearms taken from the Union County burglary, 35 oxycodone pills, and a needle loaded with methamphetamine.

Kavanagh was convicted and sentenced for separate state offenses in both Union and Madison Counties. In Union County, Kavanagh pleaded guilty to burglary and second-degree theft and was sentenced to a total of 30 years' imprisonment—two consecutive 15-year sentences. In Madison County, Kavanagh pleaded guilty to eluding, possession of methamphetamines, and possession of oxycodone and was sentenced to 11 years' imprisonment to run consecutively to the Union County sentence. Both counties dismissed unlawful-firearms-possession charges leaving those offenses for federal prosecution.

After his state court sentencing, Kavanagh was indicted on a single count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He pleaded guilty to this offense without a written plea agreement. The probation office's presentence report (PSR) identified his sentencing range as 151 to 180 months.

At sentencing, Kavanagh asked the court to credit him the 17 months and 21 days that he had already served in custody for the state offenses given that they were

relevant conduct. He also requested that his federal sentence run concurrently with the state terms of imprisonment, pursuant to Sentencing Guideline § 5G1.3.

After considering the § 3553(a) factors, the district court agreed with the PSR's calculated range and imposed a sentence, in its words, "at the very bottom of the [G]uidelines range" to run concurrent to the state court offenses, with three years' supervised release following all sentences. R. Doc. 52, at 16. However, the district court declined to reduce Kavanagh's federal sentence based on the time that he served in state custody. Specifically, the district court stated:

> I'm not going to do that because I want to make sure there is some additional punishment for the fact that this offense involved the possession of firearms which wasn't per se taken into account in the state penalties, so you won't get credit for time served, but it will be up to the Bureau of Prisons how your time is measured from here on out.

*Id.* at 17. After declining to apply this portion of § 5G1.3, the district court sentenced Kavanagh to 151 months' imprisonment. Kavanagh now appeals his sentence.

## II. *Discussion*

Did the district court properly apply § 5G1.3 when declining to credit Kavanagh for his time served in state court when imposing his federal sentence? "Whether the court applied this provision correctly is a question of law that we review de novo." *United States v. Winnick*, 954 F.3d 1103, 1104 (8th Cir. 2020).

When a federal defendant is subject to an undischarged term of imprisonment, the Sentencing Guidelines direct district courts to (1) "determine whether any time spent in custody resulted from relevant conduct to the instant offense of conviction"; (2) adjust the sentence downward "[f]or time already spent in custody for *solely* relevant conduct . . . unless the Bureau of Prisons will otherwise credit it"; (3) determine "what to do with time spent in custody for solely non-relevant conduct or a mixture of relevant and non-relevant conduct"; and (4) decide whether to grant a discretional variance. *Id.* at 1104–05 (citation modified). More succinctly, where

"a term of imprisonment resulted from another offense that is relevant conduct to the instant offense," the district court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(1).

In *Winnick*, we emphasized that courts should apply § 5G1.3 and explain any deviations from its imperative. There, instead of accounting for the appropriate downward adjustment based on the time served in state court, the district court chose to adjust the sentence based on the time served after the initiation of the federal case. 954 F.3d at 1104. The district court did not adjust based on the time served for relevant conduct in state court but used a separate rule. *Id.* We reversed and remanded, directing the court to apply § 5G1.3. *Id.* at 1106.

Later, in *United States v. McKenzie*, 79 F.4th 924 (8th Cir. 2023), we again emphasized the importance of clarity when applying U.S.S.G. § 5G1.3. In *McKenzie*, the district court was not aware of time the defendant spent in state custody for relevant conduct and, therefore, did not adjust the sentence downward to account for that time. *Id.* at 926. There, we reversed due to misapplication of U.S.S.G. § 5G1.3 under *Winnick*, which created uncertainty "about exactly how the court arrived at [defendant's] final sentence." *Id*. at 927 (quoting *Winnick*, 954 F.3d at 1106).

Similarly, here, the district court did not apply the § 5G1.3 downward adjustment and then use its discretion in imposing its sentence. The sentencing record is unclear whether Kavanagh's previous time spent in custody was for relevant conduct, as *Winnick* requires. The district court treated the conduct as relevant conduct in imposing a concurrent sentence, but when specifically asked to give credit toward Kavanagh's federal sentence for the time in state custody, the district court stated, "I'm not going to do that." R. Doc. 52, at 17. It then further explained that it wanted to "make sure there is some additional punishment for the fact that this offense involved the possession of firearms which wasn't per se taken into account in the state penalties." *Id.* But after considering Kavanagh's allocution,

the district court stated that it sought to impose a sentence "at the very bottom of the [G]uidelines range." *Id.* at 16.

The court's stated intent to sentence at the bottom of the Guidelines prioritized the accuracy of its Guidelines calculation. Had the district court properly applied the § 5G1.3(b)(1) adjustment, the new sentencing range would be about 134 to 163 months, resulting in 17 fewer months of incarceration. *See Mckenzie*, 79 F.4th at 927.

This case differs from the pre-*Winnick* case, *United States v. Carter*, 652 F.3d 894 (8th Cir. 2011). In *Carter*, the district court recognized the downward adjustment but ultimately "determined that a variance from the guidelines was appropriate in light of other factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 896. While the district court here explained it wanted Kavanagh to incur some additional punishment, it still should have recognized the § 5G1.3(b)(1) downward adjustment.

Section 5G1.3(b) requires sentencing courts to first apply the adjustment where the convictions are for relevant conduct. *See Winnick*, 954 F.3d at 1106; *Mckenzie*, 79 F.4th at 927. The district court has discretion whether to apply the adjustment to actions that it finds are not relevant conduct or a combination of relevant and non-relevant conduct. *Winnick*, 954 F.3d at 1104. But no such discretion exists when contemplating an adjustment for time served resulting from relevant conduct. *Id.* Had the district court determined that the state firearm-related conduct was not relevant conduct, then it would have had discretion to decide whether to credit Kavanagh for time served in state custody. Additionally, had the court explicitly applied the adjustment for time served, it could have then still sentenced him to the same term if the facts warranted the variance.

## III. *Conclusion*

Accordingly, we reverse the district court's sentence and remand for resentencing consistent with this opinion.

_____