# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2923

_____

United States of America

*Plaintiff - Appellee*

v.

Shaune Aaron Price

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 18, 2025
Filed: March 11, 2026

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

When Shaune Aaron Price was arrested on a warrant, he had a Glock 9-millimeter handgun, which was matched to ammunition recovered from three shootings. Price's cellphone revealed that he also had a Glock .40. He pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before sentencing, he served 24 months and 17

days in prison for a related state offense, unlawful use of a weapon, Mo. Rev. Stat. § 571.030.1(4).

The district court[1] calculated a Guidelines range of 57 to 71 months, and after considering the 18 U.S.C. § 3553(a) factors, announced that it was imposing a 65-month sentence on each count, to run consecutively, for a total of 130 months. Defense counsel asked for a reduction under U.S.S.G. § 5G1.3(b) for the time served in state custody. The court acknowledged that it hadn't considered whether to apply that provision, but stated its "intent was to impose a sentence of 130 months." The court then took a short recess.

When sentencing resumed, the district court reiterated its "bottom line" that it intended "to give the 130 months" "notwithstanding the undischarged terms." After the probation office reported that Price spent 24 months and 17 days in primary state custody, the court varied up to 83 months on the first count and sentenced Price to 71 months on the second count, running consecutively. The court then reduced the 154-month sentence by 24 months "for a total of 130 months[,] pursuant to [§] 5G1.3(b)."

Price argues that the district court erred by increasing his sentence from 130 to 154 months before adjusting back down to 130. Had the court applied § 5G1.3(b) correctly, he contends, it would have subtracted the 24 months from "its chosen 130-month sentence." Even assuming the district court's approach was error,[2] it was harmless. *See United States v. Woods*, 670 F.3d 883, 886 (8th Cir. 2012) ("[A] district court's Guidelines computation error is harmless if the government can show the 'procedural error did not substantially influence the outcome of the sentencing proceeding.'" (citation omitted)). The record is clear that the district court wanted

___

[1] The Honorable Brian C. Wimes, now Chief Judge, United States District Court for the Western District of Missouri.

[2] *Compare United States v. Carter*, 652 F.3d 894, 896 (8th Cir. 2011), *with United States v. Winnick*, 954 F.3d 1103, 1106 (8th Cir. 2020).

Price to serve 130 months "notwithstanding" his state sentence. *See id.* at 887 (applying two-level enhancement was harmless where "[t]he record clearly indicate[d] the district court intended to sentence [the defendant] to 102 months . . . regardless [of] what the Guidelines recommended"); *United States v. Goodyke*, 639 F.3d 869, 875 (8th Cir. 2011) (any error in applying obstruction enhancement was harmless because it was "fairly obvious from the transcript" that "the district court wanted to get to a seventy-five-month sentence"); *United States v. Sanchez-Martinez*, 633 F.3d 658, 660 (8th Cir. 2011) (error was harmless "because the record is clear that the district court intended to impose the same sentence of 36 months' imprisonment based on 18 U.S.C. § 3553(a), whether the appropriate increase under § 2L1.2(b)(1) was eight, twelve, or sixteen levels").

Price points out that *Woods*, *Goodyke*, and *Sanchez-Martinez* involve misapplications of other Guidelines provisions. He suggests that § 5G1.3(b) is different because it says the sentence "shall" be adjusted downward. True, but the same harmless error analysis applies. *See United States v. Martinez Rodriguez*, 508 F. App'x 573, 575 (8th Cir. 2013) (per curiam) (holding that § 5G1.3(b), "where applicable, is merely advisory," and any misapplication is harmless where "the record reflects that [the court] would have exercised its discretion to impose the same sentence regardless of how it interpreted the guidelines"). Our decisions in *Winnick*, *McKenzie*, and *Kavanagh* do not hold otherwise.

In *Winnick*, we held that applying § 5G1.3 requires the district court to (1) examine a defendant's sentencing history to determine whether any time spent in custody "resulted from . . . relevant conduct to the instant offense of conviction"; (2) adjust the sentence downward "[f]or time already spent in custody for solely relevant conduct . . . unless the Bureau of Prisons will otherwise credit it"; (3) exercise its discretion whether to give credit for any "time spent in custody for solely non-relevant conduct or a mixture of relevant and non-relevant conduct"; and (4) decide whether to vary the sentence up or down. *United States v. Winnick*, 954 F.3d 1103, 1105 (8th Cir. 2020) (cleaned up).

The district court adjusted Winnick's sentence, purportedly relying on § 5G1.3, "but only for the 12 months he had served following 'the initiation of his federal case'"—a limitation we noted is "nowhere to be found" in the text of that section or its application notes. *Id.* at 1104, 1106. On appeal, the Government argued "that the district court was simply exercising its discretion when it limited Winnick's adjustment to twelve months." *Id.* at 1106. "Its theory [was] that, even though it appears that the district court never correctly adjusted his sentence downward . . . , we should just assume that it did and that it varied upward from there." *Id.* "This [was] too big of a leap for us to make." *Id.* We vacated and remanded for resentencing. *Id.*

In *McKenzie*, we confronted a similar problem. The district court overruled the defendant's objection that his sentence should be adjusted under § 5G1.3(b)(1), "leaving [the decision whether to credit time spent in state custody] to the Bureau of Prisons." *United States v. McKenzie*, 79 F.4th 924, 926 (8th Cir. 2023) (cleaned up). Because we assumed the Bureau of Prisons would *not* credit him for that time,[3] we held that the court erred. *Id.* at 926–27. This error wasn't harmless because there wasn't "'a clear record that the judge intended to impose the same sentence' that would have been imposed with a correct application of § 5G1.3," so we remanded for the district court to clarify the sentence. *Id.* at 927 (quoting *United States v. Henson*, 550 F.3d 739, 742 (8th Cir. 2008)).

Most recently, in *Kavanagh*, another district court rejected a defendant's request for a § 5G1.3(b)(1) adjustment, explaining it was "not going to do that" because it wanted to "make sure there is some additional punishment for the fact that this offense involved the possession of firearms which wasn't per se taken into account in the state penalties," and it would "be up to the Bureau of Prisons how [his] time is measured from here on out." *United States v. Kavanagh*, 163 F.4th 1127, 1129 (8th Cir. 2026). But the district court had no discretion to refuse if

---

[3]No one argued otherwise. *Id.* Since no one argues in this appeal that the Bureau of Prisons would credit Price for his time in state custody, we make the same assumption. *See id.*; *see also Winnick*, 954 F.3d at 1105 n.2.

Kavanagh's state sentence was for solely relevant conduct, and the court made no finding to the contrary. *Id.* at 1130. We reversed and remanded for resentencing, noting that "had the court explicitly applied the adjustment for time served, it could have then still sentenced him to the same term if the facts warranted the variance." *Id.*

This case is different. Here, the district court neither refused nor disclaimed responsibility to apply a mandatory adjustment, in fact it adjusted Price's sentence down by 24 months, and expressly varied up. *Cf. Kavanagh*, 163 F.4th at 1127, 1129; *McKenzie*, 79 F.4th at 926; *Winnick*, 954 F.3d at 1106. We are not "left 'uncertain about exactly how the court arrived at [Price's] final sentence.'" *McKenzie*, 79 F.4th at 927 (quoting *Winnick*, 954 F.3d at 1106). And the district court's "bottom line"—that it intended "to give the 130 months" "notwithstanding the undischarged terms"—could not be more clear. *See id.*

Price complains that the district court also erred by adjusting his sentence downward 24 months instead of the full 24 months and 17 days he'd served on his state sentence. We agree that this was error. The court should have adjusted the sentence to account for the entire term of imprisonment. *See Winnick*, 954 F.3d at 1104 ("Whether the court applied [§ 5G1.3] correctly is a question of law that we review de novo."); *id.* at 1105 ("For time already spent in custody for solely relevant conduct, the sentence 'shall' be adjusted downward, unless the Bureau of Prisons will otherwise credit it." (emphasis omitted)).[4] But it too was harmless, and for the same reason: the court wanted to sentence Price to 130 months "notwithstanding" his state sentence. It could have varied up 17 days more just as easily as it varied up

---

[4]The Government concedes this was error if § 5G1.3(b)(1) applies. But it argues the district court erred "by applying § 5G1.3(b)(1) in the first place," claiming that Price was no longer subject to an undischarged term of imprisonment. *See United States v. Haynie*, 75 F.4th 971, 974 (8th Cir. 2023). Because this argument was not raised below, we decline to reach it now. *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1138 (8th Cir. 2015).

the 24 months.  *See id.* at 1105 (the decision to vary up "[a]fter the calculations in section 5G1.3 are complete" "lies totally within the discretion of the district court").

Price objects, relying on *Rosales-Mireles v. United States*, that failure to properly credit those 17 days isn't harmless because "[a]ny amount of actual jail time is significant, and has exceptionally severe consequences for the incarcerated individual and for society which bears the direct and indirect costs of incarceration." 585 U.S. 129, 139 (2018) (cleaned up).  We are not convinced.  *Rosales-Mireles* addressed when an unpreserved Guidelines error warrants correction under plain-error review; it did not undermine settled harmless-error doctrine.  *See United States v. Pickard*, 814 F. App'x 386, 407 n.16 (10th Cir. 2020); *United States v. Rich*, 782 F. App'x 812, 815 (11th Cir. 2019) (per curiam).

Affirmed.

_____